CANNON, STOKELY & CO. *vs.* H. H. ROBINSON and ELIZABETH NIXON, EXR's of N. N. NIXON.

Where land was devised by a testator to his executors, in trust for his widow and certain of his issue during the life of the widow, and then over to such issue, with directions to cultivate the land and keep an account of produce, sales and outlays, and after supporting the widow and children divide the surplus; *Held,* that the land and produce are chargeable, as a trust fund, for liabilities incurred by one of the executors in cultivating the land, and can be subjected by a civil action.

Civil action tried before *Russell. J.,* at January Special Term, 1872, of the Superior Court of NEW HANOVER.

The defendants were sued as executors and trustees under the will of Nicholas N. Nixon, for the amount of certain loans

and the price of goods, bought by the defendant Robinson for the purpose of cultivating land belonging to the estate of the testator.   The provisions of the will of the testator in relation to said land are set forth in the opinion of the Court.

It was insisted for the defendants that the estate of the testator was not liable, but that the liability was a personal one of the defendant Robinson.   His Honor charged the jury that the estate of the testator was liable, upon the evidence, and that the plaintiffs were entitled to a judgment against the defendants as executors and trustees.

Verdict and judgment for the plaintiffs and appeal by the defendants.

M. London, for the plaintiffs.
Strange, for the defendants.

READE, J.  By the terms of the will certain lands are devised to the defendants, who are also executors, in trust for the widow and certain of the children of the testator, during the life of the widow, and then over to these same children, with directions to the executors to cultivate the lands and keep an account of the produce and sales and of the outlays, and if, after supporting the widow and said children there should be a surplus, such surplus should be divided among them.   This gave to the defendants the power to purchase necessaries for conducting the farming operations.   And liabilities incurred by them for that purpose became a charge upon the trust fund, the land and produce.

Under the old system before the Code, the remedy to subject the trust fund was in equity; but now it is by a civil action, as this is.

It cannot be maintained, therefore, as was contended by the defendant, that the estate of the testator is not liable for the outlay, but that the defendant Robinson is liable out of his individual estate.   The estate of the testator is liable; but still

it is not to be understood that the general estate is liable, but only the trust fund aforesaid.

There is no error.

PER CURIAM.                                  Judgment affirmed.