W. D. ROUNTREE et al. v. SALLIE R DIXON et al.

*Will—Construction of—Power to Charge Estate.*

A testator devised as follows: "*Item.* It is my will and desire that my beloved wife, Sallie R. Dixon, shall hold, use, occupy and enjoy my entire estate, both real and personal, as I have done heretofore, to care for my children in the same way, during her natural life, with power to dispose of any surplus stock of farming implements she may find as unnecessary in carrying on the farm, and apply the proceeds of such sale to the support of herself or family; to have no public sale of my property; to act as her better judgment may dictate to her in the management of my estate and children, with authority, at her death, if any of our children should be minors, to choose for them a guardian to take charge of their portion of my estate. *Item.* I leave it at the discretion of my beloved wife, Sallie R. Dixon, as my children shall arrive at the age of twenty-one years, to allot to them at her pleasure, such portion or part as she may choose to do, not to exceed their *pro rata* of my estate: *Held,* that the wife had no authority to create debts chargeable against the testator's property, not even for the support of herself and children, or the cultivation of the land.

(DAVIS, J. and CLARK, J., dissenting).

This was a CIVIL ACTION, tried before *MacRae, J*, at Fall Term, 1889, of the Superior Court of GREENE County.

It appears that some time after the month of January, 1882, F. W. Dixon, of the county of Greene, died, leaving a last will and testament, which was duly proven, and the following is a copy of such parts thereof as it is necessary to interpret in this action:

"*Item.*—It is my will and desire that my beloved wife, Sallie R. Dixon, shall hold, use, occupy and enjoy my entire estate, both real and personal, as I have done heretofore, to care for my children in the same way, during her natural life, with power to dispose of any surplus stock or farming implements she may find as unnecessary in carrying on the farm, and apply the proceeds of such sale to the support of herself or family; to have no public sale of my property; to act as her better judgment may dictate to her in the management of my estate and children, with authority, at her death, if any of our children should be minors, to choose for them a guardian, to take charge of their portion of my estate.

"*Item.*—I leave it at the discretion of my beloved wife, Sallie R. Dixon, as my children shall arrive at the age of twenty-one years, to allot to them, at her pleasure, such portion or part as she may choose to do, not to exceed their *pro rata* of my estate.

"*Item.*—And lastly, I do constitute and appoint my beloved wife, Sallie R. Dixon, my lawful executrix, to all intents and purposes, to execute this my last will and testament, according to the true intent and meaning of the same, and every part and clause thereof, hereby revoking and declaring utterly void all other wills and testaments by me heretofore made."

The following is a copy of the findings of facts and judgment thereupon of the Court:

"This cause coming on to be heard upon the pleadings and admissions, and being submitted to the presiding Judge (a jury trial being waived), the following facts are found, the heirs at law adopting the answer of the defendant S. R. Dixon:

"1. That the defendant S. R. Dixon is the widow of F. W. Dixon, deceased, and the other defendants are his children

and heirs at law, and the said defendant is the executrix of the last will and testament of F. W. Dixon, deceased, which has been duly admitted to probate and letters testamentary have been granted to her.

"2. That the defendant S. R. Dixon executed the note set out in the complaint to W. H. Dail & Bro., in settlement of a debt incurred by her, under the provisions of said will, for the support of herself and children and in the management and cultivation of the estate of her testator.

"3. That said note was assigned to plaintiffs by the payees, with notice as aforesaid, and no part thereof has been paid.

"It appearing to the Court that, under the provisions of said will, the defendant S. R. Dixon had a life estate in the said estate for the use of herself and children, with power to dispose of certain surplus personal property for their said use and support, and with full power to hold, use, occupy and enjoy the entire estate of the testator as he had done, and to care for the children and to act according to her own judgment in the management of said estate, the presiding Judge is of the opinion that the said S. R. Dixon, executrix and trustee for the purposes named in said will, had power to contract debts for necessary expenses in the management and cultivation of the estate of her testator and for the support of herself and children, and that said debt, when contracted, became a charge upon the said estate, real and personal, subject to all rights of homestead and personal property exemptions.

"It is, therefore, considered and adjudged that the plaintiffs recover of the defendant S R. Dixon the sum of four hundred and forty-one dollars and twenty-two cents, with interest thereon at eight per cent. from March 12, 1887, until paid; and the same is declared to be a charge upon the estate of her testator, both real and personal.

' It is further adjudged that, if the judgment here rendered be not paid on or before January 1, 1890, that D. W.

Patrick be appointed commissioner to sell the real and personal estate, or so much thereof as may be necessary to discharge said judgment; and one for the same amount, rendered at this term, in favor of Elliott Brothers, plaintiffs, against the defendants in this action, after having the homestead and personal property exemptions allotted to said S. R. Dixon and infants, according to law, and report said sale to the next term of the Superior Court of Greene County for confirmation."

The defendants having excepted, appealed to this Court.

*Messrs. G. M. Lindsay* and *Geo. Rountree,* for plaintiffs
*Messrs. W. R. Allen* and *Geo. V. Strong,* for defendants.

MERRIMON, C. J.—after stating the facts: We are of opinion that the Court below misinterpreted the material clause of the will of F. W. Dixon, the deceased testator, and erroneously gave judgment charging the estate, personal and real, with the debt of the plaintiffs. The testator does not, by the clause of his will in question, devise to his wife an estate for her life, or any estate in his real property, or give to her absolutely his personal property. The language employed is not appropriate to create such estate, nor does a purpose to do so appear from the terms or obvious purpose of the will

The testator directs that his wife "shall hold, use, occcupy and enjoy" all his property, as he did in his life-time, for a specified purpose—that of caring for his children in the same way that he had done while she should live. It is not said that she shall have or own the land, may sell it or any part of it, or dispose of it at all for any purpose, except that she may, in her discretion, "allot" to each of his children, as he or she shall come of age, his or her *pro rata* share. She

is to "hold" the property—that is, have exclusive control, direction and superintendence of it; she is to "use" it—that is, cultivate and apply it for the purpose specified; she is to "occupy" it—that is, live on it with her children, servants and employees; she is to "enjoy" it—that is, have benefit of and devote it as her husband had done in his life-time, in caring for herself and his children. He made and used and sold his crops—he did not sell the land—and devoted them to their support. The wife is expressly invested with power to "dispose of any surplus stock or farming implements she may find as unnecessary in carrying on the farm and applying the proceeds of such sale to the support of herself and family. The power to sell the surplus crops is implied by the right to "use" and "enjoy" the property.

There is nothing going to show that the testator intended that his wife should sell the property, real or personal, that he left, except the "surplus stock or farming implements"; and it is singular that he did not invest her with general power to sell any part, or all, of the property, if he intended she should do so. He thought of, and had in his mind, the subject of power of sale, because he gave it to a limited extent and created a general power to "allot" the land to his children in the case specified. He knew what the power to sell meant.

The clause of the will under consideration strongly suggests that the testator believed he left property abundantly sufficient, under the superintending care and control of his wife, in whose judgment and business capacity it is clear he had great confidence, to support and rear his family, and that he did not think of, or intend, a sale of any part of it. He intended, for the purpose of keeping his family together, that his property should remain under the control of his wife. A power to sell it would be inconsistent with and subversive of his general chief purpose in making a will, and

cannot be allowed by mere implication. If the wife may sell a part of it, in her discretion, she might sell the whole of it and the family might, in a brief while, be homeless, the very thing the testator intended to provide against and prevent. And, for the like reason, the testator did not intend that his wife should create debts chargeable against the property; he expected that, by good husbandry and management, the land would support his family as it had done in his life-time.

It is asked, how are repairs on the farm and crops to be made, and possible pressing wants of the family to be supplied, if debts cannot be created chargeable on the property? The obvious answer is, the testator did not so intend and provide, and it is not the province of the Court to make the testator's will, to supply a provision in it, or provide for a possible case he did not think of or contemplate. It can only decide what the will is—what is expressed therein.

For the reasons stated, the wife and executrix in this case had no authority to create debts chargeable against the property of the testator. If merchants and others allow her to create debts, they have their remedy against her and her own property—not against that of the testator; he devoted it to his family in the way already indicated. The will contemplates that the crops produced on the land from year to year shall supply means to purchase such necessary things for the family and the farm as cannot be produced on the land. Beyond such crops, and the proceeds of sales "of any surplus stock or farming implements," the wife, as such, or as executrix, has no power to charge the property of her testator, nor has the Court, for the like reason.

The appellees relied, in part, on *Cannon* v. *Robinson*, 67 N. C., 53. That case is badly reported, and it does not appear from it what the clause of the will interpreted provided. On looking to the will in the papers on file, we find

that the testator expressly devised to his executors certain lands in trust for the use and benefit of his wife and others named, and dire ted that the executors have them cultivated "by employing free labor," &c. The wife and others did not live on the land. nor was any fund provided for employing laborers, nor was any personal property given the executors, such as horses, mules and other things necessary to the cultivation of the lands. It was manifest that the testator intended that his executors should make debts for the purposes specified. That case is essentially different from this, and so are all the cases cited by the appellees' counsel.

There is error. So much of the judgment appealed from as directs a sale of the personal and real property of the testator must be reversed, and in other respects it will remain undisturbed

Error.