MRS. ELLA OWEN v. HENRY S. GATES.

(Filed 14 January, 1955.)

**Wills § 33g—**

> The will provided "I give my home and the balance of my land to my darter Ella for her to hold and have her lifetime." *Held:* In the absence of other provision evidencing an intent to the contrary, the plain and unambiguous language limits the estate devised to a life estate, and the devisee cannot convey the fee.

APPEAL by plaintiff from *Moore, J.,* October Term 1954, PERSON. Affirmed.

Controversy without action under G.S. 1-220.

Plaintiff contracted to sell to defendant the land she took under her father's will and to convey to him a fee simple title thereto by deed containing full covenants of warranty. Defendant declined to accept deed for the reason plaintiff did not own and could not convey a fee simple title to said land. Thereupon, this proceeding was instituted to have the court adjudicate the respective rights of the parties.

The testator, plaintiff's father, died seized of the land in controversy. His will contains the following provision:

"1. I leave my property to Be equally divided amonst my three children . . . i lean all of my land to my widow for her to have the Benefit of it so long as she is my widow and when she ceases to Be my widow I want it equel divied amonst my three children."

In paragraphs 2 and 3 he devised specified tracts of land to his son and to his oldest daughter and her husband. Paragraph 4 is as follows:

"4. I give my home and the balance of my land to my darter Ella for her to hold and have her lifetime."

The court below concluded that plaintiff took a life estate only in the land devised to her and signed judgment denying plaintiff's prayer for specific performance. Plaintiff excepted and appealed.

*Davis & Davis for plaintiff appellant.*

*Burns & Long and Charles B. Wood for defendant appellee.*

PER CURIAM. The language used by the testator in paragraph 4 of his will is clear and unambiguous. There is no room for construction. What prompted the testator to limit the estate devised to plaintiff to an estate for life we do not know. Even so, this he did in language which cannot be misunderstood, and there is no other provision in the will evidencing an intent to the contrary. We must, therefore, accept the will as the testator made it.

The judgment entered in the court below is

Affirmed.