638

WILLIE MAE TRIMBLE and husband, BUDDIE TRIMBLE, and CARRIE BROOKS v. BERT HOLLEY. —358 S. W. (2d) 343.

Eastern Section. March 27, 1962.

Certiorari Denied by Supreme Court June 5, 1962.

Atchley & Atchley, Chattanooga, for appellant Bert Holley.

C. F. Rolston, Chattanooga, for appellees Willie Mae Trimble and others.

COOPER, J. This action was brought by the complainants seeking a decree of the Chancery Court that the defendant acquired no interest in real estate located at

number 105 B. Rear Lawn Street, in the City of Chattanooga, Tennessee, under the provisions of the holographic will of Zana Traylor Taylor, deceased. The complainants also prayed, in the alternative, that if the defendant had any interest in said real estate under the provisions of the will, that the Chancellor define the interest and decree a partition of the property by sale, and that the complainant Willie Mae Trimble be repaid moneys expended by her in payment of repairs, mortgage loans, etc., from the proceeds of the sale and that the balance of the sale price be divided among the parties in accordance with their respective rights.

The will in question was admitted to probate on August 26, 1953 as the last will and testament of Zana Traylor Taylor. All parties were present when the will was admitted to probate and heard the terms of the will. The will provides as follows:

"Chattanooga, Tenn

"Zana Traylor—Taylor Will

"My home goes to Willie M. Trimble and

Sister

my mother Carrie Brooks

Mother

My trunk and all with in it goes to my Mother Carrie Brooks and Willie M. Trimble my sister. My Norge— goes to Mother Bert Holley is to have a home as long as he lives. Rest of the Bedding and Furniture goes to my Husband Nyanzia Taylor and my cousin Bert Holley. Nyanzia get the radio.

"/s/ Zana Traylor Taylor

"Sept. 10, 1951"

The property referred to in the will was purchased by the testatrix on October 14, 1936, and the deed, which was recorded on the date of purchase in Book C, Volume 29, page 475 of the Register's Office of Hamilton County, Tennessee, described the property as being:

"The South forty (40) feet of the North ninety-six (96) feet of Lot One Hundred Twenty-two (122), Spears Addition to North Chattanooga, as shown by plat of record in Plat Book One (1), page twenty-seven (27), of the Register's office of Hamilton County, Tennessee."

Immediately after purchasing the property, the testatrix and the defendant Bert Holley moved into the house and resided together until the testatrix's death on January 23, 1953. Bert Holley has continued to reside in the house. In 1948 the testatrix married Nyanzia Taylor and he also resided in the house from the date of the marriage until several months after testatrix's death.

The complainant Willie Mae Trimble qualified on August 26, 1953 as administratrix with the will annexed of the estate of Zana Traylor Taylor. In administering the estate, it was found that the testatrix owed numerous small debts at the time of her death, the largest of which were for repairs to the house. These debts were paid by the administratrix from her personal funds, as were the costs of administering the estate, relying on the statement by the defendant Holley that he would pay part of the debts. No effort was made to sell the house in order to secure funds to pay the debts.

After the will was probated, the complainant Carrie Brooks moved into the house and resided amicably with

642

Bert Holley for some seven years. In 1960, complainant Carrie Brooks was in ill health, and it was decided that she should live with her daughter, the complainant Willie Mae Trimble, in Gadsden, Alabama so that she could receive adequate care. Willie Mae Trimble felt that the maintenance of the house at 105 B Lawn Street was too expensive, and suggested to the defendant Holley that the property should be sold. Holley first agreed to the sale and then refused. Willie Mae Trimble then attempted to sell the property, warranting that she was the sole owner. The defendant Holley refused to vacate the premises, and the sale fell through. The present suit was then instituted.

In his answer, the defendant Holley contended that there was no ambiguity in the provisions of the will of Zana Traylor Taylor, and insisted that he owned a life estate in the real estate (1) under the provisions of the will, and (2) by adverse possession.

After trying the cause on deposition, the Chancellor found that the words " 'My home goes to Willie Mae Trimble (sister) and my Mother Carrie Brooks' conveyed to them the fee in the property on the death of the testatrix. The subsequent words 'Bert Holley is to have a home as long as he lives' [were] merely precatory words and did not create any homestead interest in the defendant Holley nor did they create any life estate in him." The Chancellor further found that the defendant Holley's occupancy of the house at 105 B Rear Lawn Street was never adverse, never exclusive and never under a claim of right.

The defendant filed a petition to rehear, which was dismissed. The Chancellor then entered a decree in

accordance with his findings and ordered that "a writ of possession shall issue to put complainants Willie Mae Trimble and Carrie Brooks in possession of the rear property".

The defendant Holley perfected his appeal to this Court contending primarily that the Chancellor's construction of the holographic will of Zana Traylor Taylor was erroneous.

The complainants moved to dismiss the appeal on the ground that the defendant did not file his assignments of error and brief within the time allowed by Rule 11 of this Court. This motion was submitted on brief, and it was shown by affidavit by counsel for the defendant Holley that the assignments of error and brief were mailed in time to comply with the rules of this Court, but that the letter was incorrectly addressed, causing the three day delay.

■ On consideration of the motion, we find that no injury was occasioned by the failure of counsel for defendant to comply with Rule 11, and that an injustice would be done to the defendant if the Rule were strictly enforced. Complainants' motion to dismiss the appeal is therefore overruled. Norton v. Standard Coosa Thatcher Co., 203 Tenn. 649, 658, 315 S. W. (2d) 245, 249.

■ Was the Chancellor's construction of the holographic will of Zana Traylor Taylor erroneous? We think it was.

"It is a well recognized rule, universally in force, that the courts will endeavor to ascertain and enforce the intention of the testator, except where forbidden by positive rules of law. This intention is to be ascertained from

a consideration of the will as a whole and not from its disjointed fragments.'' Garner v. Becton, et al., 187 Tenn. 34, 212 S. W. (2d) 890. See also 57 Am. Jur., Wills, Section 1133 et seq.

■ In ascertaining the intention of the testatrix, ''it is presumed that every word is intended by the testa[trix] to have some meaning, and no word or clause in the will is to be rejected to which a reasonable effect can be given. Where two constructions are suggested, the one disregarding a word or clause of a will, and the other giving effect to the will as a whole, the latter must be adopted. No part of the instrument is to be discarded unless in conflict with some other part, in which case that part will be enforced which expresses the intention of the testa[trix]. Provisions apparently in conflict should be reconciled if this can be reasonably done.'' McClure v. Keeling, 163 Tenn. 251, 254, 43 S. W. (2d) 383, 384.

■ The will in the present case was clearly drawn by the testatrix without the advice of one skilled in the drafting of wills. Where this is the case, it is our duty to give more liberality toward the construction of the instrument. Garner v. Becton, et al.

■ In the first sentence of the will under consideration, the testatrix provided that ''my home goes to Willie Mae Trimble (sister) and my mother Carrie Brooks''. In the same paragraph, the testatrix provided that ''Bert Holley is to have a home as long as he lives''.

To us, there is nothing ambiguous in the language used. Construing the will in its entirety and giving effect to every word, it appears clear to us that the testatrix intended to will the fee in her home to Willie Mae Trimble and Carrie Brooks, subject to a life estate in Bert

Holley, who had lived in the house with the testatrix from the time of its purchase in 1936. Further, we are of the opinion that the evidence introduced in this case indicates that the parties placed this interpretation on the will at all times prior to the filing of the present suit as evidenced by the fact that Willie Mae Trimble took no action with regard to the property without consulting the defendant Bert Holley.

■ It is strongly urged by complainants that the words ''Bert Holley is to have a home as long as he lives'' are merely precatory words and do not create any interest in the real estate in question. We can not agree with this insistence. Precatory words are words whose ordinary significance imports an entreaty, recommendation or expectation. 57 Am. Jur., Wills, Sec. 1180. The ordinary significance of the words ''is to have'' used by the testatrix in making the bequest to Holley imports a mandatory direction or command and is testamentary in character.

The decree below is, therefore, reversed and a declaratory judgment will be entered here in accordance with this opinion. The cause will be remanded for consideration of the prayer for partition.

McAmis, P. J., and Hale, J., concur.