HOMER C. STARLING, TRUSTEE, AND RUTH I. PAGE AND WACHOVIA
BANK & TRUST COMPANY, SUCCESSOR TRUSTEES UNDER AN AGREEMENT
WITH B. F. PAGE, v. ELIZABETH PAGE TAYLOR AND HUSBAND, MEL-
VIN B. TAYLOR; FRANK PAGE TAYLOR AND WIFE, LINDA TART
TAYLOR, HELEN PAGE GAITHER AND HUSBAND, JOHN G. GAITHER;
BETTY PAGE GAITHER HALTER AND HUSBAND, GERALD WILLIAM
HALTER, MARGARET PAGE GAITHER AND WRIGHT T. DIXON,
JR., GUARDIAN AD LITEM FOR SUE PAGE TAYLOR, A MINOR; JOHN B.
GAITHER, JR., A MINOR; MARY HELEN GAITHER, A MINOR, WIL-
LIAM WILEY GAITHER, II, A MINOR, FRANK PAGE TAYLOR, JR.,
A MINOR, AND FOR SUCH OTHER UNKNOWN OR UNBORN PERSONS WHO MAY
BE INTERESTED IN THE SAID TRUST ESTATE.

(Filed 22 May 1968.)

1. **Trusts § 9—**

   A trust indenture containing no provision for revocation is an irre-
   vocable trust.

2. **Trusts § 5—**

   A settlor, having created an irrevocable *inter vivos* trust devoid of any
   provisions with respect to modification, is thereafter without power to
   modify the trust.

3. **Trusts § 1—**

   The essentials for creation of a valid trust are sufficient words mani-
   festing an intent to raise a trust, a definite subject or trust *res*, and an
   ascertained object.

4. **Trusts § 5—**

   An agreement between beneficiaries *sui juris* and the settlor of an irre-
   vocable trust to extend the trust indenture for 10 years beyond its stated
   date of termination is invalid as a modification of the trust when all the
   beneficiaries did not consent thereto nor were all the beneficiaries *sui juris*.

5. **Trusts § 1—**

   An agreement between beneficiaries *sui juris* and the settlor of an ir-
   revocable trust to extend the existence of the trust for 10 years beyond
   its stated date of termination *is held* not to evince an intent to create a
   new trust absent the addition of new property to the trust assets or the
   substitution of different properties for trust assets.

APPEAL by defendant, Guardian *Ad Litem* for minors and such
other unknown or unborn persons who may be interested in the
Trust Estate, from *Godwin, J.,* at the January Assigned Non-Jury
Civil Session 1968, of WAKE.

B. F. Page, father of defendants Elizabeth Page Taylor and
Helen Page Gaither, executed a trust indenture under which he
transferred to the trustees named therein 400 shares of the common
stock of W. H. King Drug Company. The trust by its terms was to
terminate on 18 June 1967. The trustees were directed "on the 18th
of June, 1967, to endorse, assign, transfer and deliver Certificates

No. 141 for 200 shares of common stock of W. H. King Drug Company to my daughter, Elizabeth Moring Page, if alive, or, if dead, to such persons as may at that time be entitled to receive the personal property of my said daughter under the laws of distribution of North Carolina, each of such persons to receive the proportionate part provided by said laws." The trustees were given identical instructions with respect to Certificate No. 142 with the exception that the named transferee was Helen Page Gaither. During the existence of the trust, the income from each certificate of stock after deducting taxes and other proper costs and expenses of the trust was to be paid to each daughter "if alive, or, if dead, to those persons entitled to receive the personal estate of my said daughter under the laws of distribution of North Carolina, and in the proportionate parts provided by said laws."

On 23 December 1946, a memorandum of agreement was entered into between Elizabeth Page Erickson and Helen Page Gaither, parties of the first part, and B. F. Page, party of the second part. This memorandum recited the terms of the trust instrument and its termination date; that "the parties of the first part now believe it will be to the best interest of themselves and of their distributees that the said shares of stock be held in trust until the 18th day of June, 1977, thereby extending the life of the trust for ten years, and desire that the life of said trust be so extended"; and "the party of the second part has no objection to the said extension, although he has been advised and believes that he has no further control over said trust and no further voice in the matter". The memorandum was executed by the parties of the first part "for themselves and their executors, administrators, heirs, distributees and assigns" and by the party of the second part "for the purpose of indicating that he has no objection to said extension". The trustees were directed to continue to hold the stock in trust and to administer the same under the provisions of the trust agreement until the 18th day of June, 1977.

On 22 October 1953, Elizabeth Page Taylor and Helen Page Gaither executed an instrument directed to the trustees reciting the trust; the "Memorandum of Agreement"; and setting out the fact that they "are advised and believe that the purported Memorandum of Agreement does not now have, and never has had, any legal effect or consequence whatsoever". By this instrument the beneficiaries notified the trustees of their desire to revoke, annul, cancel and repeal said instrument.

This action was originally an action for declaratory judgment instituted by the Trustees of the B. F. Page Trust asking for instruc-

tions as to whether the trustees now have the power, authority, and duty to distribute the assets of the trust estate to Elizabeth Page Taylor and Helen Page Gaither, as provided in the trust indenture. The further answers of some of the defendants raised possible issues of fact with respect to fraud, undue influence, or duress. At a hearing before Copeland, J., the parties entered into a stipulation that there was no fraud, duress, or undue influence in connection with the memorandum of agreement, the parties waived a jury trial, and the matter came on for hearing before Godwin, J.

Godwin, J. entered an order concluding that defendants Elizabeth Page Taylor and Helen Page Gaither are entitled to distribution of the trust assets and directing the trustees, after the payment of costs of administration and costs of this action, to distribute all assets remaining in their hands to Elizabeth Page Taylor and Helen Page Gaither, share and share alike. From the judgment entered, Wright T. Dixon, Jr., Guardian *Ad Litem* for the minors, and such other unknown or unborn persons who may be interested in the trust estate, appealed.

*Joyner and Howison for plaintiff appellees.*

*Lassiter, Leager and Walker for Elizabeth Page Taylor and Helen Page Gaither, appellees.*

*Bailey, Dixon and Wooten for Wright T. Dixon, Jr., Guardian Ad Litem, appellant.*

MORRIS, J. Although portions of the original trust indenture are set out in the facts, the indenture itself is not before the Court for construction. We, therefore, consider it only as the instruments before us for construction relate to it.

We must first determine what legal effect, if any, is to be given to the memorandum of agreement executed on 23 December 1946, purporting to extend the original trust indenture for 10 years beyond its stated date of termination. It is clear that the extension of a trust beyond its stated duration amounts to a modification. The rules generally applicable to modifications are, therefore, applicable here.

Since the trust indenture contained no provision for revocation, it is an irrevocable trust. 3 Scott, Trusts 2d, § 330.1, p. 2394.

Obviously, the settlor here recognized the general rule that, having created an irrevocable *inter vivos* trust devoid of any provisions with respect to modification, he was without power to modify the trust. 3 Scott, Trusts 2d, § 331, pp. 2413-2414.

In *Washington v. Ellsworth*, 253 N.C. 25, 116 S.E. 2d 167, our Supreme Court refused to allow validity to an instrument seeking

to modify a trust agreement. One of the contentions of the appellees was that since the settlor reserved the right "to sell or dispose" of the property held in trust with the written consent of persons named in the instrument, she had the right to convey it to those persons who would have taken under the purported modification, and the purported modification should be construed as a deed to them. The Court in speaking to this proposition said:

> "The original instrument contained no provision reserving the right to revoke or modify the trust provisions created therein, it only reserved the right of the trustor with the consent of those parties above-named 'to sell or dispose' of the property described in the instrument.
> "The last cited authority (3 Scott, Trusts 2d) section 331, at page 2413, states: 'The same principles are applicable to the modification of a trust as are applicable to the revocation of a trust. If the settlor does not by the terms of the trust reserve a power to alter or amend or modify it, he has no power to do so.' "

In 4 Scott, Trusts 3d, § 338, p. 2687, it is said:

> "It is true that where some of the beneficiaries do not consent, the others, even with the consent of the settlor, cannot terminate the trust. But where the settlor and all of the beneficiaries are of full capacity and consent, there seems to be no good reason why they should not have power to make such disposition of the trust property as they choose."

And further at § 338, p. 2693:

> "Similarly the terms of the trust may be modified if the settlor and all of the beneficiaries so desire."

Our Supreme Court has said that where the beneficiaries of a trust are *sui juris* and their rights are vested, they may dispose of their equitable interests in the trust property. *Smyth v. McKissick*, 222 N.C. 644, 24 S.E. 2d 621.

In the case before us, however, all the beneficiaries did not consent, nor were all the beneficiaries *sui juris*. From the record and the stipulation of the parties, each of the primary beneficiaries had a child under 4 years of age at the time of the execution of the purported extension agreement. Other children were born after its execution.

The memorandum agreement had no effect as a modification of the trust indenture. Nor did it have effect as creating a new trust.

It is well settled in this State that three circumstances must con-

cur in order to constitute a valid trust: (1) sufficient words to raise a trust, (2) a definite subject or trust *res*, and (3) an ascertained object. *Finch v. Honeycutt*, 246 N.C. 91, 97 S.E. 2d 478; *Trust Co. v. Taylor*, 255 N.C. 122, 120 S.E. 2d 588. Assuming that the rights of the two primary beneficiaries in the income and corpus of the trust established by their father is a sufficient trust *res*, there is no language in the instrument evidencing any intent to create a trust, nor is there any language from which a transfer of any title or interest to trustees for the benefit of another could be inferred.

In the construction of any contract, we are required to ascertain the intent of the parties, and in so doing consider the purpose to be accomplished and the situation of the parties, among other things. *Electric Co. v. Insurance Co.*, 229 N.C. 518, 50 S.E. 2d 295.

So, also, the parties' "intention to create a trust and manifestation thereof, with reasonable certainty, are essential to the creation and existence of a trust." 54 Am. Jur., Trusts, § 33, p. 44; Bogert, Trusts & Trustees, 2d, §§ 45 and 46.

There is no language in the instrument under consideration from which an intent to create a new trust at the time of its execution could be inferred. The only expression of intention is to extend the life of an existing trust. This is not an intent to *create* a trust, absent the addition of new property to the trust assets or substitution of different properties for trust assets. Bogert, Trusts & Trustees, 2d, § 46.

Additionally, the situation of the parties at the time and allegations and admissions revealed by the pleadings herein negative any intent to create a new trust by the memorandum agreement.

We deem it unnecessary to discuss the efficacy of the instrument entitled "Revocation of Purported Agreement" executed by Elizabeth Page Erickson and Helen Page Gaither, and the application of G.S. 39-6 thereto. *A fortiori*, the doctrine of worthier title discussed by the trustees, has no application, nor is the defense of laches raised by the guardian *ad litem* available.

We have carefully considered the questions raised and the exhaustive and informative briefs of the parties, and in the judgment of the court we find

No error.

CAMPBELL and PARKER, JJ., concur.