GEORGE WARD THOMPSON, CLARA THOMPSON KNIGHT AND ELIZABETH THOMPSON GAUSS v. JOHN R. WARD AND WIFE, ELIZABETH WARD; AGNES W. BRABBLE, UNMARRIED; ERVIN L. WARD AND WIFE, EDNA WARD; HANNAH ROUNDTREE WARD, WIDOW AND JUNE STEPNOWSKI AND HUSBAND, STANLEY STEPNOWSKI

No. 771SC310

(Filed 6 June 1978)

**Wills § 34— devise of "use of" certain property—no fee simple**

Where testatrix devised the "use of" certain property "to the heirs of John Hardy Ward as long as they wish to live there," the will gave to the children of John Hardy Ward, a brother of testatrix's husband, the right to live on, farm and otherwise use the land in question, since, in other parts of the will, testatrix made it clear that she recognized her only child, the residuary beneficiary, and his children as the natural and primary objects of her bounty, and since the testatrix's use of the words "use of" property to convey less than a fee simple was the same throughout the will; therefore, subject only to the right of the last surviving child of John Hardy Ward to use the land, fee simple title to the land vested in the heirs of the residuary beneficiary under the will.

APPEAL by defendants from *Tillery, Judge.* Judgment entered 8 February 1977 in Superior Court, PERQUIMANS County. Heard in the Court of Appeals 6 February 1978.

This is an action for a judgment declaring the interests of the parties in certain real estate that passed under the holographic will of Emma Ward, which was probated in 1924. Emma was the widow of George W. Ward, from whom she acquired the land. George W. Ward had inherited a one-third interest in the land from his father and had purchased the remaining two-thirds from his two brothers. He had allowed one of his brothers, John Hardy Ward, to farm and live on the land.

Emma Ward was survived by her son of an earlier marriage, Charles Everett Thompson. George W. Ward left no descendants. Defendants are the heirs of his brother, John Hardy Ward. John Hardy Ward was dead at the time the will was executed and, at the time of Emma's death, was survived by his widow and four children. Plaintiffs are the heirs of Charles Everett Thompson.

Defendants claim the fee simple title to the land in question by virtue of the following part of the will:

> "I give the use of the Ward Home Place, consisting of 150 or 160 acres called 'Dr. Mitchell or Snow Hill Tract' to the heirs of John Hardy Ward as long as they wish to live there and the sum of Two thousand (2000.00) dollars to be paid by my executor to the four children of the late John Hardy Ward, Ira, Erwin, Carson and Carroll, one fourth each, share and share alike. I also bequeath to Ira Ward Jenkins my solitaire diamond ring Tiffany setting."

Plaintiffs claim by virtue of the residuary clause in the will by which Emma Ward left the remainder of her property to Charles Everett Thompson.

The court concluded that the will gave the children of John Hardy Ward the right to live on, farm and otherwise use the land in question. Only one child, Ervin, of John Hardy Ward is alive. The court ruled that, subject only to Ervin's right to use the farm, fee simple title to the land is vested in the heirs of Charles Everett Thompson, the residuary beneficiary under the will.

*Twiford, Trimpi & Thompson, by C. Everett Thompson and John G. Trimpi, for plaintiff appellees.*

*Leroy, Wells, Shaw, Hornthal, Riley & Shearin, by Dewey W. Wells and Terrence W. Boyle, for defendant appellants.*

VAUGHN, Judge.

The search for testamentary intent is the primary task in the interpretation of this or any other will. We must look at the language employed by the testatrix in the light of the circumstances known to her when she drafted her will. Other "rules of construction" so often recited by the courts are, in many cases, merely labels that are placed on the court's conclusions in order to buttress the result reached.

Emma Ward's husband and her son were both lawyers. Even so, she would probably agree that only lawyers would argue that there could be any doubt as to what she meant when she said, "I give the use of the Ward Home Place . . . to the heirs of John Hardy Ward as long as they wish to live there . . . ." At that time John Hardy was dead and survived by a widow and the four children, to whom she also gave a $2000.00 bequest. Emma Ward's late husband, G. W. Ward, had allowed John Hardy Ward to use that property from 1895 until 1918 when G. W. Ward died. Emma continued to allow John Hardy Ward to use the land until he died in 1919. Thereafter, Emma allowed John Hardy Ward's widow and children to use the land. It seems perfectly clear that Emma intended for John Hardy Ward's widow and children (although unrelated to her) to continue to enjoy that privilege for so long as they wanted to live on the land. As a matter of fact, one of John Hardy Ward's children, Carroll, did live on and use the land until his death in 1976. John Hardy Ward's widow, Laura, lived on the land until her death in 1953. Other than Carroll Ward and his immediate family and Laura Ward, the widow, no one else lived on the land.

In other parts of the will the testatrix made it clear that she recognized her only child and his children as the natural and primary objects of her bounty. Except for several rather small bequests she, specifically as well as by the residuary clause, left them the bulk of her estate including several other tracts of land, cash, securities and jewelry. We also note that she did not hesitate to devise "in fee simple" when that was her intention.

In another part of the will, the devise to Mariah Gates, testatrix elected to devise a privilege of "use" rather than a freehold interest in real estate. There she left the "use" of the house on Dunstan Lane for life, "rent free, repairs to be kept up

by my executor." She apparently knew that her executor would have neither the duty nor right to charge rent or make repairs had Mariah Gates taken a life estate. It seems clear that testatrix's meaning of the "use of" property was the same throughout the will. Ordinarily, when words are used in one part of a will in a certain sense, the same meaning will be given to them when repeated in other parts of the will, unless a contrary interest appears. *Anders v. Anderson,* 246 N.C. 53, 97 S.E. 2d 415 (1957).

Defendants rely heavily on G.S. 31-38 which provides that a devise is presumed to be in fee simple unless the will shows an intent to convey an estate of less dignity. That section merely changed the common law rule that a devise without words of perpetuity or limitation conveyed a life estate only. *Morris v. Morris,* 246 N.C. 314, 98 S.E. 2d 298 (1957). Here, where testatrix only devised the "use of" the property so long as the beneficiaries "wish to live there," she "in plain and express words" showed an intent to devise less than the fee. Defendants further, and correctly, argue that our courts have held that the devise of the "use of" property is the equivalent of a devise in fee. *See e.g., Poindexter v. Trust Co.,* 258 N.C. 371, 128 S.E. 2d 867 (1963); *Schwren v. Falls,* 170 N.C. 251, 87 S.E. 49 (1915). The rule has no application, however, when the will shows an intent to pass an interest that is less than a fee. *See Rountree v. Dixon,* 105 N.C. 350, 11 S.E. 158 (1890).

For the reasons stated, the judgment is affirmed.

Affirmed.

Judges HEDRICK and ERWIN concur.