IN THE MATTER OF THE ESTATE OF HELEN BRYTTE HEFFNER, DECEASED

No. 8218SC468

(Filed 19 April 1983)

**1. Rules of Civil Procedure § 60.2— motion to vacate executor's final account**

   The heirs at law of a testatrix could properly file with the clerk of court a motion in the cause under G.S. 1A-1, Rule 60(b)(6) to vacate the executor's final account on the ground that the executor had misconstrued testatrix's will and had made an improper distribution of real property assets.

**2. Wills §§ 34.1, 68— defeasible life estate—remainder interest—sale after death of testatrix—proceeds as realty**

   Provisions of the will of testatrix's mother stating that the homeplace should be retained as the regular dwelling place of her five daughters as long as any of them, singly or together, wished to remain there, and that when the daughters no longer wished to retain the homeplace as a regular dwelling place, it should be sold and the proceeds divided among her nine children *are held* to create a defeasible life estate in the five daughters and a vested remainder in each of the nine children so that testatrix, the only daughter who ever lived in the homeplace, had a life estate in the homeplace which terminated at her death and a one-ninth fee simple interest therein. The one-ninth interest in the homeplace devised to testatrix in her mother's will was an interest in real property which was not disposed of by a provision of her will bequeathing her "other personal belongs," and where there was no language in the will to dispose of real property, and where the other children sold the homeplace after the death of the testatrix, the doctrine of equitable conversion did not apply, testatrix died intestate as to her one-ninth ownership in the homeplace, and the proceeds of the sale remained real property which should have been distributed to the heirs at law of the testatrix.

APPEAL by respondent Ben B. Phillips, Jr., executor of the estate of Helen Brytte Heffner from *Collier, Judge.* Order entered 11 December 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 15 March 1983.

On 17 July 1980 four of the heirs at law of Helen Brytte Heffner, testatrix, filed a motion in the cause, under Rule 60 of the Rules of Civil Procedure, in the estate before the Clerk of the Superior Court of Guilford County to vacate and set aside the final account of Ben B. Phillips, Jr., executor of the estate of Helen Brytte Heffner. The final account had been filed on 11 July 1979, with this notation by the Assistant Clerk at the end of the accounting:

"The above account has been audited by me and the vouchers submitted in support thereof examined. The account is hereby approved."

There was no order of discharge of the executor by the Clerk of Superior Court as is provided for in the procedure of G.S. 28A-23-1 after the filing of a final account.

The executor had made distribution of monies in his final accounting in accordance with his construction of Helen Brytte Heffner's will. The motion in the cause alleged that Helen Brytte Heffner died intestate as to her undivided interest in her mother's real property, that the will contained no dispositive provisions for this property, and that the executor had improperly distributed as "cash" to legatees assets that should have gone to "heirs."

Among the findings in the Order of the Clerk of Superior Court dated 19 March 1981 on his hearing of the heirs' motion in the cause, are these:

"3. That said accounting shows a final distribution in this estate in cash assets to Ben B. Phillips, Jr., Beth Heffner Phillips and Ben Phillips, III each receiving the sum of $4,112.13;

4. That among the receipts in the said estate was cash assets totaling $8,364.62 from the Estate of Mrs. S. L. Heffner, the Mother of the deceased, which sum constituted the deceased's share from the sale of real property inherited by her from her Mother;

5. That the Last Will and Testament of the deceased makes no disposition of the said real property or the proceeds from the sale of said real property and therefore she died intestate as to this item of property, and that it should have been distributed to the heirs at law of the deceased and was therefore improperly distributed and should not have been approved as filed;

6. That Item #10 of the deceased's Last Will and Testament providing for the disposition of the deceased's personal belongings was not intended by the deceased to dispose of her residuary estate in personality; [sic]

7. That it is necessary that an Order be entered for said estate to be reopened and directing that a proper distribution be made of this asset among the heirs at law of the deceased;"

Whereupon, the Clerk ordered the estate to "be reopened for the purpose of a proper distribution to the heirs at law . . . ," that the executor recover distributions improperly made in his final accounting, that Ben B. Phillips, Jr., reapply and qualify as executor, and that he make a proper final account.

Phillips appealed to the Superior Court on 25 March 1981. On 20 June 1981 Judge Robert A. Collier, Jr., affirmed the Order of the Clerk and dismissed the appeal.

On 28 July 1981 respondents Ben B. Phillips, Jr., Beth Heffner Phillips, and Ben Phillips III moved for a new trial. On 11 December 1981 the trial judge entered an Amended Judgment on respondent's motion for a new trial and for amendment of the "July 20, 1981 [sic June 20, 1981]" Order of the Clerk of Superior Court. The court made additional findings of fact, denied the motion for a new trial and affirmed the 19 March 1981 Order of the Clerk of Superior Court. Respondent Ben B. Phillips, Jr., appealed. The appellees are two brothers and two sisters of Helen Brytte Heffner.

*Smith, Moore, Smith, Schell & Hunter by Vance Barron, Jr., Pamela DeAngelis and Mary F. Cannon for respondent appellant.*

*William L. Durham for petitioner appellees.*

BRASWELL, Judge.

[1] It is necessary for us to first examine G.S. 1A-1, Rule 60 of the Rules of Civil Procedure, under which the present motion in the cause in the estate of Helen Brytte Heffner was made. The movants (two brothers and two sisters of Helen Brytte Heffner) contended that the executor made an improper distribution of assets through a final accounting, that the executor made a mistake in his construction of the will, and that they were entitled to relief from the order of the Clerk approving the final accounting.

Rule 60(b) provides that:

*In re Estate of Heffner*

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

\*    \*    \*    \*

(6) Any other reason justifying relief from the operation of the judgment.

. . . The procedure for obtaining any relief from a judgment, order, or proceeding shall be by *motion* as prescribed in these rules or by an independent action." (Emphasis added.)

Original jurisdiction in probate and administration of estate matters lies in the Clerk of the Superior Court. G.S. 28A-2-1. The will of Helen Brytte Heffner was being administered under the supervision of the Clerk of the Superior Court. Although a final account had been filed and had been routinely approved as to accounting, there had been no order of discharge of the executor by the Clerk under the provisions of G.S. 28A-23-1. Rule 60 grants to an aggrieved party a choice of remedies for relief from a judgment—either by motion or by independent action.

Clearly, the heirs at law were aggrieved parties if the executor had made an improper distribution of real property assets, in that the will contained no specific devise or residuary clause as to realty. Since the "reason justifying relief" [Rule 60(b)(6)] was an alleged erroneous construction of the will and distribution of assets under the will, it became essential for the Clerk of the Superior Court to construe the wills in question upon his hearing the evidence in the motion in the cause to vacate and set aside the final account. By virtue of the explicit provisions of Rule 60 no independent action for declaratory type relief was required, although the preferred procedure in the interpretation and construction of a will is a declaratory judgment proceeding.

We also note that no "controversy" arose until the time the motion in the cause was filed. Under Rule 60 the rights of all parties can be as fully protected as if there had been an independent suit. No party was taken by surprise as to why they were in court. The Clerk properly construed the wills in question incidental to his original probate jurisdiction. *See* 1 N. Wiggins, Wills and Administration of Estates in N.C. § 130 (1964). *Compare generally,* the application of Rule 60 to G.S. 46-19 in a partitioning

proceeding where there was a petition in the cause for relief after confirmation of the report of commissioners. *Macon v. Edinger,* 49 N.C. App. 624, 272 S.E. 2d 411 (1980), *reversed on other grounds,* 303 N.C. 274, 278 S.E. 2d 256 (1981).

[2]  Holding that the case is properly before us under the provisions of Rule 60, we now examine the merits of the motion to vacate. In doing so it is essential that we examine, as did the Clerk of Superior Court and Judge of Superior Court, the two wills in controversy.

Lillie Crouse Heffner (Mrs. S. L. Heffner, the mother), died testate on 4 March 1946; Helen Brytte Heffner (the daughter and one of nine children of Lillie Crouse Heffner) died testate on 16 February 1974.

The pertinent provisions of the holographic will of Lillie Crouse Heffner are:

### "THE HOUSE

I want the house, our present dwelling and homeplace, retained as a house for the girls so long as they (or any one of them) desire (or desires) to live in it regularly. I want the furnishings to remain in the house for their use without charge. As long as any one of the children, (Brytte Heffner, Madeline Heffner, Beth Heffner Phillips, Ruth Heffner Self or Zoe Heffner Turner) or several of them together, if they mutually desire, wish to remain in the house as her or their regular dwelling place, I want them to have free use of the house and furnishings. . . ."

The pertinent provisions of the holographic will of Helen Brytte Heffner are the residuary clauses, she not having made elsewhere any specific devise of any interest she might have in the homeplace and are as follows:

"10. My other personal belongs [*sic*] are to go to Beth H. Phillips and are to be shared with my other sisters as she sees fit.

11. All my expenses including funeral and burial are to be paid from my life insurance, my savings and checking accounts at First Union Bank and my savings in G.P.S. Credit

Union and State Employees Credit Union. Any money left from this shall go to Ben Phillips, III, Beth H. Phillips, and Ben Phillips, Jr. shared equally."

By stipulation of facts before the Clerk of Superior Court and the trial judge, the parties agree that when Lillie Crouse Heffner died she was the owner in fee simple absolute of the "homeplace" mentioned in her will. Helen Brytte Heffner was the only daughter of Lillie who resided in the "homeplace" from the time of the death of her mother until her own death. None of the daughters of Lillie lived in the "homeplace" at any time thereafter or expressed a desire to do so. The "homeplace" was sold and conveyed by deed to purchasers for value on about 15 January 1977. From the proceeds of this sale the administrator c.t.a. d.b.n. of Lillie Crouse Heffner paid $8,364.62, which was a one-ninth share, to the estate of Helen Brytte Heffner. These proceeds were distributed by the executor of the estate of Helen Brytte Heffner to Beth H. Phillips, Ben Phillips, Jr. and Ben Phillips III, as indicated in the final account, and allegedly done under Item 11 of the will of Helen Brytte Heffner.

The argument of the appellant asserts that the will of Lillie Crouse Heffner created a testamentary trust for the benefit of her daughters; that the remainder interest in the trust was an interest in personal property; that the direction to the executors in Lillie Crouse Heffner's will required them to sell the homeplace and that this worked an equitable conversion from real property into personal property of Brytte's interest in the proceeds of the sale; that the bequest of "personal belongs" in the will of Helen Brytte Heffner constituted a residuary bequest of personal property; that the trial court erroneously concluded that the proceeds of the "homeplace" sale which were paid into the estate of Helen Brytte Heffner constituted intestate property; and that there should be an entry of judgment for appellant as a matter of law. We disagree for the following reasons.

We summarize the dispositive words of the will of the mother, Lillie Crouse Heffner, as follows: I want the homeplace retained as my daughters' regular dwelling place as long as any one of them, singly or together, wish to remain there, and I want them to have free use of the house. When my daughters no longer wish to retain the house as a regular dwelling place, I want the

property sold and the proceeds divided among my nine children. We hold that this language demonstrated an intent to create a defeasible life estate in her five daughters and a vested remainder interest in each of her nine children. Thus, Helen Brytte Heffner, the only daughter to ever live in the house, had only a 1/9th fee simple interest in the "homeplace." Her life estate terminated upon her death.

The will of the mother lacks any language to create a testamentary trust. As detailed in *Starling v. Taylor,* 1 N.C. App. 287, 291, 161 S.E. 2d 204, 207 (1968), a testamentary trust must have:

"(1) sufficient words to raise a trust,
  (2) a definite subject or trust, *res,* and
  (3) an ascertained object."

As in *Starling,* even though we assume that the mother's will established the homeplace as the trust *res,* "there is no language in the instrument evidencing any intent to create a trust, nor is there any language from which a transfer of any title or interest to trustees for the benefit of another could be inferred. *Id.* at 291, 161 S.E. 2d at 207. The transfer of title was not to a trustee, but for life to daughters living in the homeplace with remainder in fee to all her children equally. *See* 2 N. Wiggins, Wills and Administration of Estates in N.C. §§ 292, 293 (1964); *Baxter v. Jones,* 14 N.C. App. 296, 188 S.E. 2d 622, *cert. denied,* 281 N.C. 621, 190 S.E. 2d 465 (1972).

The expression, "I want . . . my . . . Executors . . . to carry out the provisions of this my will" is insufficient to constitute the executor as a trustee. The executors can still "carry out" the will in its actual form as a life estate with remainder in fee. Another facet of the language in the will shows an intention to give direction to the remaindermen, and not to a trustee: "If the house is not paid for upon my death . . . then each of the nine children . . . shall share equally in the cost of these final payments."

The defeasible life estate had the potential of duration for the life of the last daughter who continued to make her dwelling place in the homeplace. This potential was exterminated when all of the mother's children conveyed the homeplace by deed to a purchaser for value on 15 January 1977 as shown in the record.

No daughter other than Brytte had expressed a desire to live in the homeplace.

We now turn our attention to the will of Helen Brytte Heffner, the daughter, and start with the court's holding that the 1/9th interest in the homeplace which was devised to Brytte in her mother's will was an interest in real property and not personal property. There is no language in the daughter's will to dispose of her real property. Brytte Heffner died intestate as to the 1/9th ownership interest in the homeplace. We hold that the sentence, "My other personal belongs [sic] are to go to Beth H. Phillips . . . ," as expressed in Brytte's will, means belongings of personal property and not the 1/9th interest in realty.

As stated in *Ferebee v. Procter*, 19 N.C. 439, 446 (2d Dev. & Bat. 1837):

> "Nothing can defeat the heir, but a valid disposition to another. Whatever is not given away to some person must descend. . . . If the will does not devise the land, but creates a power to sell it, then, upon the execution of the power, the purchaser is in under the will, as if his name had been inserted in it as devisee. But, in the mean time, the land descends, and the estate is in the heir."

The doctrine of equitable conversion, as urged upon us by appellants, does not apply. Brytte's will contains no residuary clause as to real property. Even though there is a presumption in law that a testator meant to dispose of all property, the presumption will not prevail when the words employed by the testator refer only to personal property and are silent as to realty. *In re Wolfe*, 185 N.C. 562, 117 S.E. 804 (1923). In this case, for equitable conversion to have possibly applied, it would have been necessary that all of the daughters of the mother cease to live in the homeplace and express no desire to ever live in the homeplace prior to daughter Brytte's death; that the homeplace be sold prior to Brytte's death; and that the proceeds of sale remain undistributed at Brytte's death. Our facts show that Brytte died in 1974 and that the homeplace was not sold until 1977.

The executor distributed the $8,364.62 under Item 11 of Brytte's will, which provided, "Any money left from this shall go to Ben Phillips, III, Beth H. Phillips, and Ben Phillips, Jr." Having

declared that the proceeds were from the sale of realty, that equitable conversion does not apply, and that there was no testamentary trust or residuary clause covering real property, this distribution by the executor was in error. The proceeds of the sale of the homeplace should have been distributed to the heirs at law of Helen Brytte Heffner.

From our examination of the various orders and judgments we hold that the findings of fact and conclusions of law of the Clerk of the Superior Court were proper and fully supported in the record and that therefore findings and conclusions of the trial judge were proper and fully supported in the record.

Affirmed.

Judges HEDRICK and WHICHARD concur.