GARY LEE BRINKLEY, EXECUTOR OF THE ESTATE OF ROBERT L. BRINKLEY, AND GARY LEE BRINKLEY, INDIVIDUALLY v. HELEN W. BRINKLEY DAY

No. 8721DC260

(Filed 15 December 1987)

1. **Wills § 34.1— devise of life estate in apartment**

    Provisions of a will devising an apartment building to testator's son and stating that testator's wife "is to live in the apartment presently occupied by her now for her lifetime" gave testator's wife a life estate in the apartment rather than a mere license to occupy, and this life estate was not defeasible upon the wife's failure to live in the apartment.

2. **Wills § 39— equitable lien on income from apartments**

    Provisions of a will devising an apartment building to testator's son and stating that testator's wife "is to live in the apartment presently occupied by her now for her lifetime rent free, tax free, fire insurance and maintenance free" and that "All expenses of whatsoever kind or of whatsoever nature shall be paid from the apartment income of this property" created an equitable lien on the other apartments in the building devised to testator's son to the extent necessary to pay the taxes, fire insurance, and maintenance on the wife's apartment.

APPEAL by defendant from *Keiger, Judge.* Judgment entered 29 October 1986 in District Court, FORSYTH County. Heard in the Court of Appeals 30 September 1987.

This is an action to have the parties' respective interests in certain real property declared. Plaintiff, Gary L. Brinkley, is the son of Robert L. Brinkley, who died testate on 3 January 1984. Defendant, Helen W. Brinkley Day, was Robert Brinkley's wife. Paragraph nine of Mr. Brinkley's will devised certain real property to plaintiff, leaving defendant an interest in an apartment which had apparently been the marital home. Since the testator's death, defendant has remarried and has, at least for a time, lived in the State of New York.

Plaintiff filed this action on 13 November 1985, seeking a declaration of the parties' interest in the apartment. Based on the verified pleadings, including an attached copy of the will, and the arguments of counsel, the trial court concluded that plaintiff took the apartment in fee simple, subject to defendant's "license to occupy" it. The trial court also concluded that defendant's license would terminate whenever she vacated or ceased to occupy the apartment. The court found that defendant had not vacated the apartment as of the date of the hearing. Defendant appeals.

*Laurel O. Boyles and Steven D. Smith, for the plaintiff-appellee.*

*Gordon W. Jenkins, for the defendant-appellant.*

EAGLES, Judge.

[1] Defendant argues that the trial court erred in declaring that her interest in the apartment was limited to a license to occupy. She contends that the provision grants her a life estate. We agree and reverse the judgment of the trial court.

The relevant portion of the will reads as follows:

The real estate property located at and known as 1015 Caroline Avenue, Winston-Salem, North Carolina, shall become the property of Gary L. Brinkley and any and all income derived from the operation of these apartments shall be the income of Gary L. Brinkley. Helen W. Brinkley, my wife, is to live in the apartment presently occupied by her now for her

Brinkley v. Day

> lifetime rent free, tax free, fire insurance and maintance [sic] free. All expenses of whatsoever kind or of whatsoever nature shall be paid from the apartment income of this property so that Helen W. Brinkley bears no expense of any kind including the apartment in which she is to occupy for her lifetime.

The intention of the testator, as gleaned from the four corners of the will, must be the "polar star" that guides courts in interpreting the provisions of a will. *Wing v. Trust Co.*, 301 N.C. 456, 463, 272 S.E. 2d 90, 95 (1980). What the testator intended the language of his will to mean is a question of law. *Lee v. Barksdale*, 83 N.C. App. 368, 350 S.E. 2d 508 (1986), *disc. rev. denied*, 319 N.C. 404, 354 S.E. 2d 714 (1987). Therefore, the sole issue here on appeal is what legally recognized interests in the apartment the testator intended to devise to the parties. We hold that the testator intended to devise a life estate to defendant with plaintiff taking the remainder in fee.

The trial court erred in classifying defendant's interest as a mere license to occupy the apartment. A license is not an estate and creates no substantial interest in land. *Sanders v. Wilkerson*, 285 N.C. 215, 204 S.E. 2d 17 (1974). Rather, a license merely gives the holder the right to do certain specific acts on the property and is generally revocable at will. *Id.* Consequently, if the instrument grants an interest in, or a right to use and occupy, the land, it should not be construed as granting only a license. 53 C.J.S., "Licenses," section 79 (1948); *see also Rizzo v. Mataranglo*, 135 N.Y.S. 2d 92, 16 Misc. 2d 20 (1953), *aff'd*, 186 N.Y.S. 2d 773, 16 Misc. 2d 21 (1954). We believe the testator intended to devise defendant a substantial interest in the apartment, not a license.

Unlike a license, a life estate is an estate in land, vesting the holder with the right to use and possess the property during his lifetime. *See* Restatement of Property, section 117 (1936). Technical words of conveyance are not necessary. *Keener v. Korn*, 46 N.C. App. 214, 264 S.E. 2d 829, *disc. rev. denied*, 301 N.C. 92 (1980). Consequently, language devising property, "to hold and have in her lifetime," *Owen v. Gates*, 241 N.C. 407, 85 S.E. 2d 340 (1955), to "the girls so long as they (or any one of them) desire (or desires) to live in it," *In re Estate of Heffner*, 61 N.C. App. 646, 301 S.E. 2d 720, *disc. rev. denied*, 308 N.C. 677, 304 S.E. 2d 755

(1983), and "to have a home as long as he lives," *Trimble v. Holley*, 49 Tenn. App. 638, 358 S.W. 2d 343 (1962), are sufficient to show an intent to devise a life estate. Similarly here, the testator's language stating that defendant "is to live in the apartment presently occupied by her now for her lifetime" creates a life estate in the apartment.

In addition to the language of the provision itself, other parts of the will reveal an intent that defendant take a life estate. Except for a 1976 Pontiac automobile, a half interest in a savings and checking account, and another half interest in the balance of another account after payment of $15,000 in specific bequests, the interest in the apartment, together with a devise of all the personal property remaining in the apartment, was all that defendant received under the will. Absent a specific manifestation to the contrary, a will should be construed in favor of the surviving spouse and children. *Coffield v. Peele*, 246 N.C. 661, 100 S.E. 2d 45 (1957). Construing defendant's interest as something less than a life estate results in a division of the testator's property heavily favoring the son. Yet, we find nothing in the will or record to otherwise indicate that intent. Instead, limiting defendant's interest under the will to the apartment, while providing all of the personal property and furnishings which go with it, evidences a testamentary intent to provide defendant with all of the assets necessary to insure that she have a place to live for the rest of her life. A life estate is consistent with that intent.

As plaintiff correctly points out, the first sentence of the provision, by itself, undoubtedly gives plaintiff a fee in all the property, including the apartment. Ordinarily, a devise of real property must be construed to be in fee simple unless the other parts of the will plainly show an intent to create a lesser estate. *Welch v. Schmidt*, 62 N.C. App. 85, 302 S.E. 2d 10 (1983); G.S. 31-38. Here, however, the two sentences following the devise clearly disclose an intent to give plaintiff less than a fee in the apartment. Therefore, plaintiff takes it only in remainder, not in fee.

We are cognizant of other authority in North Carolina designating language similar to that which we have here as an "exclusive right to occupy," *Anders v. Anderson*, 246 N.C. 53, 58, 97 S.E. 2d 415, 419 (1957), and a "privilege of 'use,'" *Thompson v. Ward*, 36 N.C. App. 593, 595, 244 S.E. 2d 485, 486, *disc. rev.*

*denied,* 295 N.C. 556, 248 S.E. 2d 735 (1978). In construing the provisions of a will, however, the court is attempting to discern the intent of the individual testator from the entire will; other cases are often of little value. *Wilson v. Church,* 284 N.C. 284, 200 S.E. 2d 769 (1973). Defendant's interest under the will here should be construed as a life estate.

As the court noted in *Thompson v. Ward, supra,* language that a devisee is to have the premises free of rent and the expense of taxes, insurance, and maintenance, belies its classification as a life estate. A life tenant, of course, has no obligation to pay rent. Moreover, a life tenant owes certain duties to the remaindermen regarding payment for taxes and insurance and the prevention of waste. *See Thompson v. Watkins,* 285 N.C. 616, 207 S.E. 2d 740 (1974); Webster, Real Estate Law in North Carolina, section 54.1 (Hetrick rev. ed. 1981). Nevertheless, read as a whole, we believe the provision was intended to qualify plaintiff's interest, not define defendant's interest.

[2] Ordinarily, the sentence that defendant "is to live in the apartment . . . rent free, tax free, fire insurance free, and maintance [sic] free" might be disregarded as indicating only a wish or desire that plaintiff provide for the apartment's maintenance out of income from the other apartments. *See Y.W.C.A. v. Morgan, Attorney General,* 281 N.C. 485, 189 S.E. 2d 169 (1972). Each phrase and word of a will, however, must be given effect if a reasonable construction will allow it. *Joyner v. Duncan,* 299 N.C. 565, 264 S.E. 2d 76 (1980). Here, the following sentence, stating that "[a]ll expenses of whatsoever kind or of whatsoever nature shall be paid from the apartment income of this property . . ." is an unequivocal direction which may not be disregarded as merely precatory. Consequently, we hold that the will creates an equitable lien on the property devised to plaintiff to the extent necessary to pay the taxes, fire insurance, and maintenance on the apartment defendant holds as a life estate.

An equitable lien on real property is an equitable encumbrance, *Falcone v. Juda,* 71 N.C. App. 790, 323 S.E. 2d 60 (1984), which may arise either out of contractual obligations, or whenever the court declares it necessary under the circumstances of the case from considerations of justice. *Fulp v. Fulp,* 264 N.C. 20, 140 S.E. 2d 708 (1965). In *Moore v. Tilley,* 15 N.C. App. 378, 190

S.E. 2d 243, *cert. denied*, 282 N.C. 153, 191 S.E. 2d 758 (1972), this court held that provisions for support in a will should generally be construed as "constituting an equitable lien or charge upon the land itself which will follow the land into the hands of purchasers." *Id.* at 381, 190 S.E. 2d at 246. The court there held that the testatrix's devise of 150 acres to three of her children with the direction that "they are to give support and home" to her four blind children created an equitable lien against the property for the support of the blind children. In this case, the testator's direction that the income from the other apartments be used to pay the expenses in maintaining defendant's apartment must also constitute an equitable lien on those apartments.

[1]   The remaining question regarding defendant's life estate in the apartment is whether it is defeasible, terminating upon her ceasing to live there. Like a fee, a life estate may be defeasible if its continued existence is conditional. *See Blackwood v. Blackwood,* 237 N.C. 726, 76 S.E. 2d 122 (1953). The language of Mr. Brinkley's will is insufficient to show an intent to make defendant's interest in the apartment contingent on her continued residence there. *Cf. Blackwood, supra* ("as long as she remains my widow" grants life estate defeasible upon remarriage); *In re Estate of Heffner, supra* (devise of homeplace to testatrix's daughters "so long as they . . . live in it regularly" with direction to sell property and divide proceeds among all her children afterwards created a defeasible life estate). While it is clear that the testator contemplated that his wife would live in the apartment, nothing indicates he intended her interest to depend on it. Rather, as already noted, his testamentary intent regarding defendant was more general: to provide her with the assets to insure her a place to live for the rest of her life.

The judgment of the trial court is reversed. This case is remanded for a declaration that plaintiff took all the real property devised under the will in fee, subject to defendant's life estate in the apartment and a lien for its maintenance in accordance with the terms of the will.

Reversed.

Judges WELLS and MARTIN concur.