Da Nieu, Judge.
 

 The question in the case is, whether the defendant can be subject to the cost of the plain
 
 *493
 
 tiff, by a judgment entered of record, on motion, at a term different from that at which the verdict was rendered.
 

 The defendant contends that as the plaintiff appealed from the judgment of a Justice-of the peace, the Superior court had not the-power to order tiie defendant to pay the cost,unless the order was made at the term, the cause was tried in the appellate court. The defendant says that no such judgment was rendered and recorded at the time the cause was tried, which was at Spring term 1833, of the Superior Court of Law of Montgomery. At the Fall term
 
 i
 
 833, a motion was made to enter the judgment 7mnc pro
 
 tunc,
 
 which was resisted by the defendant, because the 17th section of the act of 1794, directing the mode of recovering debts of twenty pounds and under, gives-the plaintiff liberty to move the
 
 court
 
 that tried the cause for costs, only at the term the trial was liad, otherwise he shall pay the costs himself. The court will in general perTnit a record-to be amended; anda judgment to be entered
 
 nunc pro tunc,
 
 when it is delayed by the act of the court or the clerk,
 
 (Bates v Lockwood,
 
 1
 
 Term
 
 R.637.
 
 Mara v Quin,
 
 6
 
 Ib.
 
 1.
 
 Archb. P.
 
 228.) There is nothing in this case which shews us, that no. motion was made, or judgment pronounced for the costs at the trial term, and at the time- the verdict was rendered, although not entered of record. When the record was amended by the order of the court, .the judgment stood as of the trial term. The orders or rules for amendments of proceedings made by a court in the-progress of a suit therein depending, do not fall within the description of any part of the record, but such ore ders are strictly and properly matters of practice in the progress of the cause,regulated by the power of amendment which the courts of law possess. The practice of the courts below, is a matter which belongs by law to the exclusive direction of that court. It is therefore left to their own government alone, without any appeal, to or revision by tiiis court. It is not competent for a court of error to examine the propriety of an amendment of the record made by the court below, being a court of record, although the order for theam.en-cb-
 
 *494
 
 nxcnt is sent up as a part of tlie record. The proper object of a writ of error is to remove the
 
 final judgment
 
 of the court below, for the revision of a Superior Court, moriler that the latter court, from the
 
 premises
 
 contained in the record of the inferior court, may either affirm .or reverse the judgment, as they draw the same or a different conclusion from that which has been pronounced by the court below. These premises are the pleadings between the parties,‘the proper continuance of the suit and process,the finding of the jury upon an issue infact if any lias been joined, and lastly the judgment of the inferior court. All these premises from which such judgment has been derived, the patties to the suit below have the right,
 
 ex debita justitia,
 
 to have upon the record.
 

 We think therefore, that
 
 it is
 
 not competent for this Court to examine into the propriety of the amendment, which is left to the sole direction of the Court by which it has been made. And if this ho so, then the circumstance of the order for the amendment being put upon the record in this instance,cannot have the effect of giving competency to this Court to revise the propriety of such amendment. For if the grounds of the amendment are notin themselves removable by a writ of error, and if the parties to a suit have not,
 
 ex debita justitia,
 
 the right to put the rules and orders for the amendment upon the record, then this Court would have or would not have authority to enquire into the propriety of the amendments, according as the inferior court did, or did not return, in each particular instance-,the order by which the amendment was made. (Mellish v
 
 Richardson,
 
 23.
 
 Eng. C. L. R.
 
 276. 1
 
 Archb. P.
 
 230.) It has been hero decided that an act clone by the Superior court, in the exercise of its discretion, is not the subject of an appeal to the Supreme court. (State v
 
 Lamon,
 
 3
 
 Hawks
 
 75,
 
 Sneed
 
 v
 
 Lee, ante
 
 3
 
 vol.
 
 364,
 
 Ballinger
 
 v
 
 Barnes, Ib.
 
 460,
 
 Cannon
 
 v
 
 Beemer, Ib.
 
 363.) We are therefore of opinion that the judgment must bo affirmed.
 

 Per Curiam — Jubsmext aefirMeb.