## FLOYD v. ROOK.

(Filed March 12, 1901.)

PARTITION—*Report of Commissioners—Exceptions—Time for Filing—The Code, Sec.* 1896.

Exceptions to report of Commissioners appointed to make partition of land must be filed within twenty days after report is filed.

ACTION by M. A. Floyd, W. J. Floyd, Bettie P. Gray, C. L. Floyd, T. T. Floyd, J. M. Floyd and E. I. Floyd against Ellen Squire, June Squire and E. S. Rook, heard by Judge *A. L. Coble,* at October Term, 1900, of Northampton County Superior Court. From the order of the Court affirming the report of the Commissioners, the plaintiffs appealed.

*R. B. Peebles,* for the plaintiffs.
*Gay & Midyett,* for the defendants.

MONTGOMERY, J.   An order for the partition of the lands described in the complaint, between the plaintiffs and the defendants, was made by the Clerk of the Superior Court of Northampton County on the 24th of August, 1898, and on the 29th of November following, the report of the commissioners, who had been appointed to divide the lands, was filed in the Clerk's office. The plaintiffs, except E. J. Floyd, through their counsel, on the 2d of January, 1899, issued a notice to the defendants that they would move before the Clerk on the 18th instant, to set aside he judgment for partition in the cause.

On the 2d of February following, the plaintiffs filed exceptions to the report of the commissioners, and moved to continue the motion to set aside the judgment, and also the

hearing of the exception.   The defendants at the same time
moved for a confirmation of the report of the commission-
ers.   The Clerk continued all the motions in the cause to
the 7th of March.   On the hearing, the plaintiff's motions
were overruled, and they appealed to the Superior Court.
His Honor refused to hear the exceptions to the commission-
ers' report on the ground that they had not been filed within
20 days after the filing of the commissioners' report, and
because the Court had no power in law to hear the excep-
tions for the reason that they had been filed after 20 days
from the date of the filing of the commissioners' report.
His Honor confirmed the report of the commissioners, and
ordered the same to be enrolled and certified according to
law.

There was no error in the rulings of the Court.   It is
provided in section 1896 of The Code that the report of
commissioners, who may be appointed to make partition of
lands between tenants in common, shall be filed in the of-
fice of the Clerk of the Superior Court, and, that if no ex-
ceptions thereto be filed within 20 days, the same shall be
confiremd.   The proceedings can only be impeached for
mistake, fraud or collusion.   That language of The Code
is peremptory, and can not be explained or altered by judi-
cial decree.   Great inconveniences had arisen in the past,
before the enactment of that section of The Code, in refer-
ence to the giving of proper notices to the often numerous
parties interested in the partition of lands, of the report of
the commissioners.   Revised Code, p. 452; Battle's Rev., p.
665.   And to make those matters certain both as to the par-
ties themselves and to subsequent purchasers for value, con-
clusive notice was to be presumed that all persons interested
in partition proceedings had received notice of the particu-
lars of the partition from the filing of the report of the com-

missioners, and that 20 days only after that time would be allowed in which to file exceptions to the report. The requirement of The Code in that respect is not a rule of practice, nor is the report of the commissioners a pleading in the cause. The report is an act done by the representatives of the parties as well as of the Court, and of that act all parties interested must take notice. That requirement of The Code is a rule of law, and exceptions filed after 20 days have passed from the filing of the report of the commissioners are too late to be considered, and it makes no difference whether the report has been confirmed or not when the exceptions are filed, if they are filed after the time allowed by law.

We find no exception in so many words to the judgment of his Honor refusing to set aside the judgment and decree in partition of the Clerk, but, if such an appeal was intended, there is no error in that respect.

No error.