ROBERTS v. ROBERTS.

(Filed December 11, 1906).

*Partition—Consent Decree—Report of Commissioners— Exceptions—Decree of Confirmation Without Notice.*

Where a proceeding for partition was brought in 1881 and upon issues raised was transferred for trial to the Superior Court and a consent decree was entered at June Term, 1887, appointing commissioners for partition, who filed their report with the Clerk in 1887, and no exceptions in any form were ever filed to its confirmation and a decree confirming the report was procured at the April Term, 1906, without giving special notice to the defendant or his counsel:  *Held*, that the defendant's motion to set aside the decree of confirmation was properly denied.

PROCEEDING for partition by W. S. Roberts against H. C. Roberts, heard by *Judge O. H. Allen* at the August Term,

1906, of the Superior Court of BUNCOMBE, upon a motion by the defendant to set aside a decree of confirmation. From the order denying the motion, the defendant appealed.

*Frank Carter, Moore & Rollins* and *H. C. Chedester* for the plaintiff.

*N. Y. Gulley* and *W. P. Brown* for defendant.

BROWN, J. It appears from the record and findings by the Court below that on 19 January, 1881, the plaintiff brought a special proceeding against the defendant before the Clerk of the Superior Court for the purpose of partitioning certain land between the plaintiff and defendant which they held as tenants in common. Issues of fact having been raised by the pleadings, the case was transferred for trial to the Superior Court. It was regularly called for trial at June Term, 1887, and a jury was empaneled to try it. After the jury had been empaneled, the judgment which appears in the record, appointing commissioners for partition, was entered by consent of the parties. The commissioners so appointed partitioned the land between plaintiff and defendant, and filed a report of their proceedings with the Clerk of the Court on 30 July, 1887. No exceptions were ever filed and no objection in any form made, so far as the record discloses, to the confirmation of the report. At April Term, 1906, without giving special notice to the defendant or his counsel, the plaintiff procured an order confirming the report which had been filed since 30 July, 1887.

The contention of the defendant is that the proceeding for partition was not pending either in the Superior Court in term or before the Clerk, but that it had been abandoned nineteen years before, and was pending nowhere. We are of opinion that his Honor very properly denied the motion.

There was no discontinuance of the proceeding for lack of continuous process or for any other reason. *Penniman v.*

*Daniel,* 91 N. C., 431. The consent decree was a final judgment of the Court adjudicating the rights of the parties to a partition. If the cause was pending before the Clerk, then no order of confirmation was necessary when the report was filed in 1887. If no exception thereto was filed in twenty days, the report stood confirmed by law without a formal decree. The Code of 1883, sec. 1896.

If we regard the proceeding as pending in the Superior Court in term, by virtue of chapter 276, Acts 1887, then the defendant was bound to take notice of such orders and decrees as were made in the orderly course of legal procedure in term-time. No special notice was necessary.

Inasmuch as no exceptions were filed to the report of the commissioners during the term which followed the filing of the report, the plaintiff had a right to a decree of confirmation of this decree.

The order made in 1906 by *Judge Moore* in term-time may be justly considered as entered *nunc pro tunc,* and was no more than the plaintiff was clearly entitled to, even if necessary. *Bright v. Sugg,* 15 N. C., 492; *Long v. Long,* 85 N. C., 415.

Affirmed.