This is an action brought by S.C. Johnston and the widow and children of George A. Johnston to clear the title to certain lands in Orange County, of which they claimed to be the owners by virtue of an item in the will of Charles W. Johnston, and by mesne conveyance under the will of George A. Johnston.
The will of Charles W. Johnston, in the respect mentioned, provides as follows:
"ITEM 1. I bequeath to my wife, Agnes Johnston, the sum of eighteen hundred dollars ($1,800.00) in cash to be collected from my notes and mortgages. I, furthermore, will to her during her lifetime the home place and Five Hundred Sixty-four (564) acres situate around in an approximate square and including the home site with the buildings, furniture and equipment of said home place. At her death the Five Hundred Sixty-Four (564) acres of land and buildings thereon are to go to that one of my sons who chooses, or may be chosen to assume the responsibility of running the home place and of providing, free of costs, a home during their lifetime for my wife and my daughter, Mary, and my daughter, Annie, as long as she remains single, and engages through the year in some occupation is to feel that she is welcome at the home place during her vacation.
"I leave my wife free to make whatever arrangements may seem best to her regarding the specific items of this agreement mentioned above. If it seems necessary she may make other plans altogether than the ones suggested above. In which event, the land, buildings and equipment, property may be disposed of also and is not entailed."
Mrs. Johnston was made residuary legatee.
Plaintiffs, other than S.C. Johnston, Robert M. Gardiner, and Louise Thomas Johnston, are children and heirs at law of George A. Johnston. S.C. Johnston is a brother; Robert M. Gardiner is the husband of Margaret Johnston Gardiner, and Louise Thomas Johnston is the widow of George A. Johnston.
The plaintiffs allege that in compliance with the provisions of this part of the will, George A. Johnston was properly chosen "to assume *Page 708 
the responsibility of running the homeplace and of providing, free of cost, a home, during their lifetime," for Mrs. Agnes Hughes Johnston, wife of the testator, his daughter Mary, and daughter Annie as long as she remained single. According to the allegations of the complaint, the said George A. Johnston undertook these duties and carried them out faithfully from the death of his father in 1916 until his own death in 1929. When his health began to fail toward the close of this period, S.C. Johnston was chosen, by agreement of those interested, to come to the home place with George, where he remained and continued to carry out the duties imposed by the will, down to the death of Mrs. Agnes Hughes Johnston, his mother, in 1939.
George A. Johnston died leaving a will, setting up a trust for the benefit of his widow, Mrs. Louise Thomas Johnston, and for his children, Margaret Johnston — now Margaret Johnston Gardiner — Josephine Johnston and Charles W. Johnston, Jr., and naming James M. Johnston, one of the defendants, as trustee, executor, and guardian of the minor children, "for the performance of the duties of any of the offices to which he is appointed under this will," and appointed as alternate executor, in case he should be unable to serve, his wife, Mrs. Louise Thomas Johnston, as trustee, executor, and guardian.
The following paragraph in the will should be noted:
"FIRST: Should the farm which I now occupy and which is owned in fee simple by my mother, Mrs. Agnes Hughes, consisting of approximately one hundred and fifty acres and adjoining other property owned by me, be owned by me at the time of my death, I give, devise and bequeath the same, together with all buildings thereon, to and unto my son, Charles W. Johnston."
After filing an answer to the complaint, the defendants demurred oretenus and asked the dismissal of the action on the ground that the complaint fails to state a cause of action and that the action was instituted prematurely.
The judge refused to dismiss the action upon the ground that the complaint stated no cause of action, but did sustain the demurrer upon the ground that the action was prematurely brought, and signed a judgment dismissing the action.
The judgment further provided that S.C. Johnston should retain exclusive possession and control of the home place, subject to the right of Miss Mary L. Johnston to live at such home place, free of cost, and that John T. Johnston might live at the home place, at his own expense, without any interference with S.C. Johnston. The order contains a provision that S.C. Johnston shall not sell any growing timber off the property, nor commit or permit any waste, and required him to give *Page 709 
$1,000.00 bond, for the benefit "of all other parties to this action," and all the parties to the action, with the exception of Miss Mary L. Johnston, were restrained from interfering with the possession, operation, and management of the premises by S.C. Johnston, that is, the home place referred to in Item 1 of the will.
The plaintiffs appealed from the ruling of his Honor sustaining the demurrer on the ground that the action was brought prematurely, and that portion of the judgment providing that John T. Johnston should be permitted to live at the home place at his own expense without any interference with S.C. Johnston, and to such portion of the order as restrained S.C. Johnston from selling growing timber and requiring of him a bond to prevent his committing waste.
The defendants appealed from the refusal of the judge to sustain the demurrer on the ground that there was no cause of action and solely upon the ground that the action was prematurely brought, and for his refusal to sign a judgment tendered by the defendants and to the signing of the judgment as tender.
It is not our purpose to go into a complete analysis of this case, nor do we think it necessary in advance of the trial and upon the hearing of the demurrer to construe all the terms of the wills, which are made a part of the complaint, or to determine their precise legal effect, or their ultimate relation to the succession. In fact, such an attempt might be misleading, as other muniments of title, not appearing in the complaint, are not before us for discussion. It is sufficient to say that in our opinion the plaintiffs have stated a cause of action, and the present action in which it is asserted is not prematurely brought. There was error, therefore, in dismissing the action.
We see nothing in the pleadings upon which the court below, after acting upon the demurrer and dismissing the action, might predicate his order giving certain rights to Miss Mary L. Johnston to live at the home place, free of cost, and to John T. Johnston to live there without expense to S.C. Johnston, or in any way to restrain S.C. Johnston with regard to his use of the land or require him to enter into the bond for $1,000.00 not to commit or permit waste. The order of the court in this respect cannot be sustained upon the facts as now presented and this must be stricken out. This is not to prejudice the rights of Miss Mary L. Johnston, such as she may have, under the will. *Page 710 
That part of the order declining to sustain the demurrer upon the ground that the complaint states no cause of action is affirmed. The dismissal of the action upon the ground that it has been prematurely brought is reversed.
On defendants' appeal
Affirmed.
On plaintiffs' appeal
Modified and affirmed.