MATTIE W. HEWETT v. JOHNNIE HEWETT, JESSE HEWETT, ANNIE MAE HEWETT, GOLEY HEWETT, ELEANOR HEWETT, JAMES BERNARD HEWETT, WESLEY HEWETT, WOODROW HEWETT, HENRY HEWETT, MAYBELLE HEWETT, INA HEWETT, INA LEE HEWETT, FRANK KELLY HEWETT, LARUTH HEWETT, AND DONALD HEWETT

No. 7713SC935

(Filed 5 September 1978)

Partition § 7.2 — exceptions to commissioners' order not timely — no showing of mistake, fraud or collusion

    In a partition proceeding where the report of the commissioners was properly confirmed by the clerk, it will not be disturbed on appeal since respondents failed to make timely exceptions, and since they made no showing of fraud, collusion or mistake. G.S. 46-19.

APPEAL by respondents from *McConnell, Judge.* Order entered 15 August 1977 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 23 August 1978.

Petitioner and respondents owned a certain tract of land as tenants in common; petitioner Mattie Hewett owned a 7/18 undivided interest in the land. Petitioner instituted this special proceeding for a partition of the land, and commissioners were appointed. The commissioners found that the land had been divided into small farms and homesteads in such manner that it was difficult to make a division, and they were authorized to employ a surveyor and appraiser for help. The commissioners subsequently recommended that the timber first be sold from the land, that petitioner's interest then be allotted to her individually, and that respondents could then have their interests allotted collectively

or individually as they chose. The clerk approved the recommendations and ordered them carried out. The timber was sold for over $11,000. The commissioners then filed a report allotting three tracts of land to petitioner and providing that the remaining land could be divided among respondents at a later time. The commissioners also noted that some of respondents' heirs or kin were living in two mobile homes on the land allotted to petitioner without petitioner's authorization. They recommended that the mobile homes be removed but that $750 be given to the owners of each mobile home as compensation. It was further recommended that the timber proceeds be used to pay the costs of the land division and that the remainder be divided among the parties. The clerk entered an order approving the recommendations on 10 November 1976. No exceptions were filed by any parties to the order of the clerk at this time or within ten (10) days thereafter. Writs of possession were subsequently entered directing removal of the mobile homes. On 8 June 1977 some of the respondents objected and filed a motion to set aside the orders which had been entered in the proceedings. The clerk denied the motion. On appeal, Judge John McConnell affirmed the clerk's 10 November 1976 order. Respondents have now appealed to this Court from that order, assigning error.

*Prevatte, Herring, Prevatte & Owens, by Richard S. Owens III, for the petitioner.*

*Cherry and Wall, by James J. Wall, for the respondents.*

MARTIN (Robert M.), Judge.

Respondents made four assignments of error in this appeal.

1) They contend that it was improper to allow and order sale of the timber located on the subject property.

2) They contend it was error for the clerk to confirm the reports of the commissioners because specific values were not assigned to the severalty shares.

3) They contend it was error for the clerk to allow attorney fees to counsel for petitioner from the funds generated by sale of the timber.

4) They contend that the court had no jurisdiction to put the petitioner in possession of the land allotted to her by the commissioners' report.

Without reference to the merits of the respondents' contentions, we are constrained to hold that the report of the commissioners was properly confirmed by the clerk, and will not now be disturbed. G.S. 46-19 provides that unless exceptions to the report of the commissioners in a partition proceeding are filed within ten (10) days of filing of such report, the report is confirmed and may be set aside only on grounds of fraud, collusion or mistake. Although respondents argue that sufficient mistake existed to form a basis for overturning the confirmed report of the commissioners, their argument is without merit. Mistake has been defined as "some unintentional act, or omission, or error, arising from ignorance, surprise, imposture or misplaced confidence." 54 Am. Jur. 2d, *Mistake*, § 1 (1971), Black's Law Dictionary 1152 (4th ed 1951). Although respondents have alleged in conclusory terms that the clerk's confirmation of the commissioners' report itself was a mistake, they did not, on hearing *de novo* before Judge McConnell, allege or prove those facts which would constitute mistake requiring that the report of the commissioners be vacated. Respondents were represented by counsel, their attorney serving additionally as a commissioner for the sale of the timber in question. Respondents do not show that they were deceived or misled into failing to file exceptions to the commissioners' report, or that they were mistaken as to its contents. They were under no other impediment which would excuse their failure to timely file their exceptions, and therefore these exceptions must be deemed waived and the order confirming the commissioners' report upheld. *Floyd v. Rook*, 128 N.C. 10, 38 S.E. 33 (1901); G.S. 46-19.

Affirmed.

Judges VAUGHN and MITCHELL concur.