FANNIE B. HENNESSEE v. CECIL COGBURN

No. 7830SC2

(Filed 6 Feburary 1979)

1. **Rules of Civil Procedure § 5— defendant in default—motion to set aside verdict—service not required**

    Service of a motion to set aside a verdict was not required since defendant was in default for failure to appear and plaintiff did not assert a new or additional claim for relief.

2. **Rules of Civil Procedure § 59— setting aside verdict—motion made within ten days of verdict—power of trial court**

    It was within the trial court's discretion to set aside a verdict where the motion to set aside was made within ten days of the entry of the verdict, and the trial court did not lose this discretionary power when the term of court ended.

3. **Damages § 17— amount of damages—minimum and maximum figures—no unbridled discretion given jury**

    When considered in conjunction with the court's earlier instruction as to what the jury could consider in awarding compensatory damages, the court's instruction that the jury could award "any sum from $1.00 to $20,000.00" did not leave the damages in the unbridled discretion of the jury.

APPEAL by defendant from *Griffin, Judge.* Judgment entered 22 September 1977 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 27 September 1978.

The plaintiff brought this action against the defendant for malicious prosecution arising out of a worthless check charge against her which was dismissed. The plaintiff asked for $25,000.00 in compensatory damages and $50,000.00 in punitive damages. The defendant made no response and on 9 November 1976 an entry of default was made against him. At the January 1977 civil session with Judge Hasty presiding, and without the defendant's presence, an issue as to what amount of damages the plaintiff was entitled to recover of the defendant was submitted to the jury. The jury answered "none." On 11 January 1977, a judgment was entered, signed by Judge Hasty, ordering that the plaintiff recover nothing from the defendant. On 14 January 1977, the plaintiff filed two motions, one for a judgment notwithstanding the verdict, and the other that the verdict and judgment be set aside and a new trial be had upon the damage issue. Neither

of the motions was ever served on the defendant. On 10 February 1977, the court entered an order in which it found "that grounds for a new trial exist, under Rule 59-A(7)" and ordered in its discretion that "the verdict previously rendered be set aside and a new trial, on the issue of damages, granted." The case was retried in September 1977 at which time the plaintiff was present and represented by counsel. The defendant was present, but did not have counsel. The plaintiff testified that because of her being prosecuted on the worthless check charge, she missed at least four days of work. She said she was so upset she could not do her work and on 1 September 1976 was discharged from her job as key-punch operator at Memorial Mission Hospital. She testified further that she was unemployed until 29 November 1976 at which time she got a job at Fletcher Hospital. Her wages had been $3.20 per hour at Memorial Mission Hospital and they were $3.00 per hour at Fletcher Hospital. She also testified the benefits were not as good at Fletcher Hospital as at Memorial Mission Hospital.

At the second trial, the jury awarded plaintiff $12,500.00 in compensatory damages and nothing for punitive damages. On 22 September 1977, the court entered a judgment against the defendant for $12,500.00.

*Millar and McLean, by Russell L. McLean III, for plaintiff appellee.*

*Roberts, Cogburn and Williams, by Max O. Cogburn, for defendant appellant.*

WEBB, Judge.

The appellant advances three arguments as to why it was error to set the verdict aside and retry the case. These are (1) notice of the motion to set the verdict aside was not served on him, (2) Judge Hasty did not have the power to set the verdict aside at a term of court subsequent to the one at which the verdict was entered, and (3) when a final judgment was entered at the January 1977 term of court terminating the case, the court had no jurisdiction at a subsequent term to make a valid order. The second argument is closely related to the third.

Hennessee v. Cogburn

The resolution of these questions depends on our Rules of Civil Procedure. Rule 59 of the North Carolina Rules of Civil Procedure says:

"(a) *Grounds.* — A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds:

\*     \*     \*

(9) Any other reason heretofore recognized as grounds for a new trial.

\*     \*     \*

(b) *Time for motion.* — A motion for a new trial shall be served not later than 10 days after entry of the judgment."

Rule 5(a) of the North Carolina Rules of Civil Procedure says:

"(a) *Service—when required.* — [N]o service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4."

[1]   As to the appellant's first argument, Rule 59(b) says that a "motion for a new trial shall be served not later than 10 days after the entry of judgment." Rule 5(a) says "no service need be made on parties in default for failure to appear. . . ." We hold that Rule 59(a) when construed with Rule 5(a) means that service must be made within ten days when service is required. In this case service was not required under Rule 5(a) since the defendant was in default for failure to appear and the plaintiff did not assert a new or additional claim for relief.

[2]   As to the appellant's second and third arguments the motion to set the verdict aside was made within ten days of the entry of the verdict. Judge Hasty had the power under Rule 59(a)(9) to set the verdict aside in his discretion. *Britt v. Allen,* 291 N.C. 630, 231 S.E. 2d 607 (1977). We hold that he did not lose this power when the term of court ended. The defendant relies on *Pruett v. Pruett,* 247 N.C. 13, 100 S.E. 2d 296 (1957); *Burton v. Reidsville,* 243 N.C. 405, 90 S.E. 2d 700 (1956) and *Johnston v. Johnston,* 218

N.C. 706, 12 S.E. 2d 248 (1940) as authority for the proposition that when a case has been finally determined a court has no power at a subsequent term to modify the judgment. None of these cases interpret Rule 5 or 59 of the Rules of Civil Procedure. They are not precedents for this case.

[3] The defendant's last assignment of error pertains to the charge. The court recapitulated the plaintiff's evidence as to the damage she had suffered. He then charged in part as follows: "In considering the amount of damages, if any, you may consider resulting loss of business or job, injury to reputation and mental suffering, . . . . As I say, the plaintiff says she has been substantially damaged, and you can answer that issue in any sum from $1.00 to $20,000.00." The defendant contends that by telling the jury it could answer the issue "in any sum from $1.00 to $20,000.00" the court placed the award in the unbridled discretion of the jury. When considered in conjunction with the court's earlier instruction as to what the jury could consider in awarding compensatory damages, we hold the court did not leave the damages in the unbridled discretion of the jury, but properly charged the jury what it could consider in awarding damages. *See Carter v. Lykes*, 262 N.C. 345, 137 S.E. 2d 139 (1964).

It appears the jury may have awarded a substantial verdict for the damages proved. The trial judge did not disturb the verdict and we cannot interfere with his discretion.

No error.

Judges HEDRICK and ARNOLD concur.