JOYCE J. MACON and GRADY S. MACON v. HELEN R. EDINGER and
CLYDE C. EDINGER

No. 809SC359

(Filed 2 December 1980)

**1. Partition § 7.1; Rules of Civil Procedure § 5— partition — report of commissioners — necessity for service on parties**

The report of the commissioners in a partition proceeding is a "similar paper" under G.S. 1A-1, Rule 5(a) which must be served upon each of the parties, and the Rule 5(a) provision which obviates the need for service on parties who are "in default" does not apply to a partition proceeding for failure of respondent to answer the petition for partition.

**2. Partition § 7.1— report of commissioners — notice**

The notice provision of G.S. 1-404 does not apply to the report of the commissioners in a partition proceeding but only to the clerk's confirmation order.

**3. Partition § 7.1; Rules of Civil Procedure § 60.2— report of commissioners — absence of actual notice — "mistake" — relief from confirmation order**

The failure to give respondents actual notice of the entry of the report of the commissioners in a partition proceeding was a "mistake" under both G.S. 46-19 and G.S. 1A-1, Rule 60(b), and respondents are entitled to have the clerk's confirmation order set aside pursuant to G.S. 46-19 if they had no actual notice of and no opportunity to file exceptions to the commissioners' report either because of the failure of the clerk to mail the report to them as required by G.S. 1A-1, Rule 5(b) or because mail delivery was not made to them.

APPEAL by respondents from *Brewer, Judge.* Judgment entered 12 December 1979 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 9 October 1980.

Appellees, the Macons, filed a petition for partition of certain real property located in Franklin County which Mrs. Macon held in tenancy in common with appellant (respondent in the partition proceeding) Mrs. Edinger. The petition and summons were duly served on the Edingers, who failed to answer.

On 5 May 1978, approximately eight months after the filing of the petition, the Clerk of Superior Court of Franklin County, entered an order appointing commissioners to partition the property subject of the petition. The commissioners were notified and took their oaths on 9 May. An order was entered 6 July 1978 extending the time for the commissioners to file their report until 5 September 1978. The commissioners' report, filed on 8 September, allotted each tenant the same acreage (exactly 40.25 acres) but charged

petitioners with an owelty of $8,652.30. The clerk entered an order of confirmation on 20 September 1978.

On 10 November 1978, respondents filed a petition to set aside the confirmation order under G.S. 46-19 listing exceptions and objections to the order. Respondents based their exceptions upon : (1) the failure of the commissioners to timely file their report; (2) the failure of the clerk to serve on them a copy of the report of the commissioners; and (3) the division of the property made by the commissioners, which they alleged was unjust. The clerk, in an order filed 9 January 1980, found as facts that: (1) the late filing of the report worked no prejudice on respondents; (2) on the same day it was filed, the clerk mailed a copy of the commissioners' report to respondents at the same address where they acknowledged they later received a copy of the confirmation; and, (3) respondents failed to adduce any evidence of fraud, mistake, or collusion. The clerk concluded that the time for filing objections and exceptions to the report had expired, that the time for appeal from the decree of confirmation had expired, and that the respondents were not entitled to have the decree set aside on the grounds of mistake, fraud or collusion.

Respondents appealed from the order and in a hearing *de novo* presented the testimony of five witness. This testimony tended to show that the additional value of the land allotted to petitioners greatly exceeded the owelty assessed by the commissioners, that the partition was inequitable, and that the respondents were entitled to a greater owelty than that allowed. The respondents themselves testified that they never received notice or a copy of the report of the commissioners, although Mrs. Edinger acknowledged that she did receive a copy of the confirmation order on 5 September 1978. [Respondents in their brief point out that, since the order was not entered until 20 September, Mrs. Edinger probably meant 5 *October*.]

Petitioners offered evidence that they had spent more than $1,500.00 on repairs and improvements on the allotted tract since the decree of confirmation, and that the division was fair and equal.

The trial judge entered judgment on 12 December 1979, the sole finding of fact being that respondents had offered no evidence of mistake, fraud or collusion. The court thereupon concluded that respondents were not entitled to relief under G.S. 46-19.

*Harris & Harris by Jane P. Harris; and I. Beverly Lake, Sr.,* *for petitioner appellees.*

*Norman L. Sloan; and Robert E. Monroe for respondent appellants.*

CLARK, Judge.

The question presented by this appeal is whether the trial court erred in ruling that respondents have offered no evidence of "mistake" within the meaning G.S. 46-19. This statute provides in part that "Any party after confirmation may impeach the proceedings and decrees for mistake, fraud or collusion by petition in the cause." The respondents do not claim fraud or collusion.

In their petition to set aside the report of commissioners the respondents allege three mistakes: (1) the failure of the commissioners to timely file their report (the order of 6 July 1978 required the report to be filed by 5 September, but it was not filed until 8 September); (2) the division of the property was unjust (G.S. 46-10 requires the tracts allotted the cotenants be equal in *value* not in *acreage*); and (3) the failure to give respondents notice of the report of commissioners. The first two claims relate to ordinary errors which were deemed waived when respondents failed to file exceptions to the report. If no exceptions to the report are filed within ten days after entry as provided by G.S. 46-19, errors or irregularities in the report should be confirmed by the clerk as a matter of law. *Roberts v. Roberts,* 143 N.C. 309, 55 S.E. 721 (1906); *Ex parte White,* 82 N.C. 378 (1880); *Hewett v. Hewett,* 38 N.C. App. 37, 247 S.E. 2d 23, *disc. rev. denied,* 295 N.C. 733, 248 S.E. 2d 863 (1978). Therefore, the only question raised by this appeal is whether the failure to give to the respondents notice of the entry of the report of commissioners was a "mistake" which would entitle them to relief under G.S. 46-19. If so, the clerk and the superior court erred in ruling that they had offered no evidence of mistake and in confirming the report of the commissioners.

Since an opportunity for correcting ordinary error or irregularities is provided to a party by the filing of exceptions in G.S. 46-19 and by appeal from the decree of confirmation in G.S. 1-272, it should be clear that the legislature did not intend the word "mistake" in G.S. 46-19 to apply to ordinary error and irregularities by the commissioner or the clerk. The words "mistake, fraud or collu-

Macon v. Edinger

sion" in the statute construed *in pari materia* are applicable to substantial defects or omissions in the proceedings which probably would not be discovered in time to assert rights within the ten-day limit for filing exceptions to the report of commissioners or appeal from the confirmation order and which would likely result in the denial of a substantial right if not corrected.

Besides G.S. 46-19, G.S. 1A-1, Rule 60(b)(1) also authorizes relief from "a final judgment order or proceeding" for "mistake, inadvertence, surprise or neglect." As one commentator suggests, "If the defendant has no actual notice of an action pending against him, this would at least seem to constitute excusable inadvertence or neglect." W. Shuford, N.C. Civil Practice and Procedure § 60-6 (1975). Were respondent not entitled to the relief he seeks under G.S. 46-19, we could properly view his petition as a motion under Rule 60(b)(1). *Cf. Bell v. Moore,* 31 N.C. App. 386, 229 S.E. 2d 235 (1976) (motion not denominated as such treated as Rule 60(b)(6) motion). Since the filing of the commissioners' report entitles the petitioner to confirmation as a matter of law upon the passage of ten days, we think such filing is sufficiently "final" to warrant relief under Rule 60(b)(1) if respondent is unable to proceed under G.S. 46-19. At any rate, the similarity of the language of the two provisions convinces us that the lack of actual notice is an appropriate basis for impeachment, whether under Rule 60(b)(1) or G.S. 46-19, when mistake is alleged.

If the respondents had no notice of the filing of the report of commissioners, they could not be expected to file exceptions under G.S. 46-19 within ten days thereafter. The mere filing of the report was not sufficient notice. If so, every party to the proceeding would have the duty of making almost daily visit to or contact with the office of the clerk to determine if the report had been filed. Such duty was rejected in *Collins v. Highway Commission,* 237 N.C. 277, 281, 74 S.E. 2d 709, 713 (1953), Ervin, J., commenting as follows:

> "The law does not require parties to abandon their ordinary callings, and dance 'continuous or perpetual attendance' on a court simply because they are served with original process in a judicial proceeding pending in it. [Citation omitted.] The law recognizes that it must make provision for notice additional to that required by the law of the land and due process of law if it is to be a

practical instrument for the administration of justice. For this reason, the law establishes rules of procedure admirably adapted to secure to a party, who is served with original process in a civil action or special proceeding, an opportunity to be heard in opposition to steps proposed to be taken in the civil action or special proceeding where he has a legal right to resist such steps and principles of natural justice demand that his rights be not affected without an opportunity to be heard."

Petitioners rely on *Floyd v. Rook*, 128 N.C. 10, 38 S.E. 33 (1901), where the court in construing Section 1896 of The Code, a substantial prototype of G.S. 46-19, stated, in part, as follows:

"Great inconveniences had arisen in the past, before the enactment of that section of The Code, in reference to the giving of proper notices to the often numerous parties interested in the partition of lands, of the report of the commissioners. Revised Code, p. 452; Battle's Rev., p. 655. And to make those matters certain both as to the parties themselves and to subsequent purchasers for value, conclusive notice was to be presumed that all persons interested in partition proceedings had received notice of the particulars of the partition from the filing of the report of the commissioners, and that 20 days only after that time would be allowed in which to file exceptions to the report. The requirement of The Code in that respect is not a rule of practice, nor is the report of the commissioners a pleading in the cause. The report is an act done by the representatives of the parties as well as of the Court, and of that act all parties interested must take notice."

*Id.* at 11-12, 38 S.E. at 33.

We are not so presumptuous as to overrule *Floyd*, but we find that the basis for the ruling in that case has been changed by modern conceptions of due process and fairness as reflected in the notice requirements of the present Rules of Civil Procedure. G.A. 1A-1, which apply to special proceedings. G.S. 1-393. G.S. 1A-1, Rule 5(a) provides:

"*Service — when required.*— Every order required by its terms to be served, every pleading subsequent to the

Macon v. Edinger

original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties, but no service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4."

**[1]** In light of the fact that the report of commissioners became final in that all errors are waived if exceptions are not filed within ten days after filing, we find that the report is a "similar paper" under Rule 5(a) which must be served upon each of the parties. It is the purpose of the Rule that every party be given due process and a reasonable opportunity to be heard.

The Rule 5(a) provision which obviates the need for service on parties who are "in default" in our opinion does not apply to a partition proceeding for failure of a respondent to answer the petition for partition. If the respondent is satisfied that the interests of the tenants in common are correctly alleged and is satisfied that relief prayed for (partition in kind or partition sale) is appropriate, his rights are not adversely affected by his failure to plead, and the petitioners are not entitled to an entry of default and respondents are therefore not "in default" under G.S. 1A-1, Rule 55. *See* W. Shuford, N.C. Civil Practice and Procedure § 5-4 (1975). *Cf. Hennessee v. Cogburn,* 39 N.C. App. 627, 251 S.E. 2d 623, *disc. rev. denied,* 297 N.C. 300, 254 S.E. 2d 919 (1979), wherein entry of default was held to relieve the other party of the duty to serve motions on defaulting party.

**[2]** Petitioners also rely on G.S. 1-404 which provides that ten days after the report is filed "the court may proceed to confirm the same on motion of any party and *without special notice to the other parties.*" [Emphasis supplied.] But we think it clear that this notice provision does not apply to the report of commissioners but to the clerk's confirmation order, which should be confirmed as a matter of law if exceptions are not filed in apt time. *Roberts v. Roberts, supra.*

The clerk in his order of 9 January 1979 found as a fact simply

Macon v. Edinger

that he had mailed a copy of the report of commissioners to the respondents on the same day it was filed. Under G.S. 1A-1, Rule 5(b) service is deemed complete upon deposit of a paper "enclosed in a post-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service." The respondents offered evidence that they did not receive in the mail a copy of the report. The questions of proper and complete service and actual notice were raised by the evidence, evidence of a "mistake" which was not likely to be discovered within the ten-day limit for filing exceptions, resulting in the denial of the right to be heard. The respondents were entitled to findings of fact on these questions in the trial *de novo* before the superior court judge. *See* G.S. 1A-1, Rule 52(a)(1); *Allen v. Allen*, 258 N.C. 305, 128 S.E. 2d 385 (1962).

[3] We conclude that respondents' evidence that they had no actual notice of the filing of the commissioners' report is evidence of a "mistake" both under G.S. 46-19 and G.S. 1A-1, Rule 60(b), and that if respondents were foreclosed from their right to be heard either by the failure of the clerk to mail the report to them as required by G.S. 1A-1, Rule 5(b) or because of neglect or some other cause mail delivery was not made to them, the respondents are entitled to relief under G.S. 46-19. The trial court erred in ruling that respondents had offered no evidence that would entitle them to such relief, and we remand for the court to make a determination and finding of fact as to whether respondents had actual notice.

If on remand and after hearing the trial court finds as a fact that respondents had no actual notice of, and no opportunity to file exceptions to, the commissioners' report, either because of the failure of the clerk to mail the report in apt time under G.S. 1A-1, Rule 5(b), or mail delivery was not made, the court must set aside the confirmation order and remand to the clerk for hearing on respondents' exceptions to the commissioners' report. If the trial court finds that respondents had actual notice or had waived such notice, the court should affirm the clerk's order of confirmation.

Reversed and remanded.

Judges WEBB and WHICHARD concur.