JOYCE J. MACON AND GRADY S. MACON v. HELEN R. EDINGER AND CLYDE C. EDINGER

No. 117

(Filed 2 June 1981)

1. **Partition § 7.1; Rules of Civil Procedure § 5— partition—report of commissioners—necessity for service on parties**

The Court of Appeals erred in concluding that unless the trial court finds as a fact that respondents in a partition proceeding had actual notice of the filing of the report of commissioners, the trial court should set aside the decree of confirmation and remand the cause to the clerk for a hearing on respondents' exceptions to the report.

2. **Partition § 7.1; Rules of Civil Procedure § 5— partition—report of commissioners—necessity for service on parties**

The report of the commissioners in a partition proceeding is a "similar paper" within the contemplation of G.S. 1A-1, Rule 5(a) which must be served upon each of the interested parties.

3. **Partition § 7.1; Rules of Civil Procedure § 5— partition—report of commissioners—necessity for service on parties**

Sufficient notice of the filing of a report of commissioners is given to a party to a partition proceeding when a copy of the report is duly mailed as provided by G.S. 1A-1, Rule 5(b), and the record in this case established that there was sufficient compliance with Rule 5(b) where the clerk found as a fact

that on the same day the commissioners' report was filed, a copy of the report was mailed by the clerk to respondents at the same address at which they admitted receiving a copy of the decree of confirmation which was mailed to them approximately two weeks later.

ON discretionary review of the decision of the Court of Appeals reported in 49 N.C. App. 620, 272 S.E. 2d 411 (1980) reversing judgment of *Brewer, J.*, entered at the 5 November 1979 Session of FRANKLIN Superior Court.

This is a special proceeding for the partition of land.

On 19 September 1977 petitioners filed a petition alleging that the femme petitioner and the femme respondent were tenants in common of a described tract of land located in Youngsville Township, Franklin County, containing 74 acres; that said petitioner and said respondent each owned a one-half undivided interest in said land; and that said petitioner desired to hold her share in severalty. Petitioners asked the court to appoint three commissioners to divide the land into two equal shares, to allot a share to each of said owners, and if an equal division could not otherwise be made, to charge the more valuable dividend with a sum of money payable to the dividend of less value that would make an equitable partition of the property.

A summons and copy of the petition were duly served on each of the respondents on 23 September 1977. Neither of respondents filed a response to the petition. On 5 May 1978 the Clerk of the Superior Court of Franklin County entered an order finding the allegations of the petition to be true and appointing commissioners to divide the land as requested in the petition.

The commissioners were notified and they took their oaths on 9 May 1978. On 6 July 1978, the clerk entered an order extending the time for the commissioners to file their report until 5 September 1978. On 8 September 1978 the commissioners filed their report in which they allotted each tenant the same acreage, 40.25 acres, but charged petitioner's share with owelty in the amount of $8,652.30, to be paid to respondents. No exceptions having been filed to the report, the clerk, on 20 September 1978, entered a decree of confirmation.

On 10 November 1978 respondents filed a petition pursuant to G.S. § 46-19 (1976) asking the court to set aside the decree of

confirmation. They alleged that (1) the report of commissioners was not timely filed; (2) a copy of the report was not served on them; and (3) the partition was not just and fair.

On 9 January 1979, following a hearing, the clerk entered an order finding as facts (1) that the late filing of the report was not prejudicial to respondents; (2) that on the day it was filed the clerk mailed a copy of the report to respondents at the same address where they acknowledge they later received a copy of the decree of confirmation; and (3) that respondents failed to present any evidence of fraud, mistake or collusion. The clerk made conclusions of law consistent with the facts found and dismissed the petition filed by respondents.

Respondents appealed to the judge. Following a hearing *de novo*, Judge Brewer entered a judgment in which he found that respondents had offered no evidence which tended to show mistake, fraud or collusion. Judge Brewer concluded that respondents were not entitled to have the decree of confirmation impeached or set aside pursuant to G.S. § 46-19, and he affirmed the order of the clerk dismissing respondents' petition.

Respondents appealed. The Court of Appeals reversed the judgment and remanded the cause for further proceedings. We allowed petitioners' petition for discretionary review on 4 March 1981.

Additional facts pertinent to our decision will be set forth in the opinion.

*Harris & Harris, by Jane P. Harris, for petitioner-appellants.*

*Robert E. Monroe and Norman L. Sloan for respondent-appellees.*

BRITT, Justice.

The Court of Appeals perceived that the question presented to it was whether the trial court erred in ruling that respondents offered no evidence of "mistake" within the meaning of G.S. § 46-19. This statute provides in pertinent part as follows:

If no exception to the report of commissioners is filed within 10 days, the same shall be confirmed. Any party after confir-

mation may impeach the proceedings and decrees for mistake, fraud or collusion by petition in the cause: . . . .

In their petition to set aside the report of commissioners, respondents allege three mistakes: (1) the failure of the commissioners to file their report within the required time; (2) the division of the property was unjust; and (3) the failure to give respondents notice of the filing of the report of commissioners. The Court of Appeals held that the first two claims related to ordinary errors which were deemed waived when respondents failed to file exceptions to the report within 10 days after it was filed, citing *Roberts v. Roberts*, 143 N.C. 309, 55 S.E. 721 (1906); *Ex parte White*, 82 N.C. 377 (1880); *Hewett v. Hewett*, 38 N.C. App. 37, 247 S.E. 2d 23, *disc. rev. denied*, 295 N.C. 733, 248 S.E. 2d 863 (1978). The court then held that the only question raised by the appeal was whether the failure to give respondents notice of the entry of the report of commissioners was a "mistake" which would entitle them to relief under G.S. § 46-19. "If so, the clerk and the superior court erred in ruling that they had offered no evidence of mistake and in confirming the report of commissioners."

In concluding that the clerk and the superior court erred, the Court of Appeals held that respondents' evidence that they had no actual notice of the filing of the report of commissioners was evidence of a mistake, both under G.S. § 46-19 and G.S. § 1A-1, Rule 60(b); and that if respondents were foreclosed from their right to be heard, either by the failure of the clerk to mail the report to them as required by G.S. § 1A-1, Rule 5(b), "or because of neglect or some other cause mail delivery was not made to them", respondents are entitled to relief under G.S. § 46-19. The court remanded the cause for the trial court "to make a determination and finding of fact as to whether respondents had actual notice" of the filing of the report.

[1]   We hold that the Court of Appeals erred in concluding that unless the trial court finds as a fact that respondents had *actual* notice of the filing of the report of commissioners, the trial court should set aside the decree of confirmation and remand the cause to the clerk for a hearing on respondents' exceptions to the report. We do not think the principle of due process and the provisions of applicable statutes afford respondents that right.

The decision of this court in *Floyd v. Rook*, 128 N.C. 10, 38 S.E. 33 (1901), is instructive concerning the case *sub judice*. In that case, on a date more than 20 days[1] after the report of commissioners was filed, all of the petitioners except one filed exceptions to the report. The clerk overruled the exceptions and the petitioners appealed to the judge. The judge refused to hear the exceptions on the ground that they had been filed more than 20 days after the commissioners' report had been filed, concluding that he had "no power in law" to hear the exceptions due to their late filing.

In affirming the trial court, this court held that Section 1896 of the North Carolina Code of 1883 (predecessor to G.S. § 46-19) mandated that if no exceptions to a report of commissioners were filed within 20 days after the filing of the report, "the same shall be confirmed." The court reasoned as follows:

> The proceedings can only be impeached for mistake, fraud or collusion. That language of The Code is peremptory, and cannot be explained or altered by judicial decree. Great inconveniences had arisen in the past, before the enactment of that section of The Code, in reference of the giving of proper notice to the often numerous parties interested in the partition of lands, of the report of the commissioners. (Citation omitted.) And to make those matters certain both as to the parties themselves and to subsequent purchasers for value, conclusive notice was to be presumed that all persons interested in partition proceedings had received notice of the particulars of the partition from the filing of the report of the commissioners, and that 20 days only after that time would be allowed in which to file exceptions to the report. The requirement of The Code in that respect is not a rule of practice, nor is the report of commissioners a pleading in the cause. The report is an act done by the representatives of the parties as well as of the Court, and of that act all parties interested must take notice. 128 N.C. at 11-12, 38 S.E. at 33.

Although the Court of Appeals took note of the decision of this court in *Floyd v. Rook, supra*, it found that the basis for the

---

1. The applicable statute, G.S. § 46-19, now requires that exceptions be filed within 10 days after the report of commissioners is filed.

ruling in that case has been changed by modern conceptions of due process and fairness as reflected in the notice requirements of the present Rules of Civil Procedure, G.S. § 1A-1, which apply to special proceedings. We now proceed to examine that finding.

We agree with the Court of Appeals that the Rules of Civil Procedure apply to special proceedings "except when a differing procedure is prescribed by statute." G.S. § 1A-1, Rule 1. We also agree that in addition to G.S. § 46-19, G.S. § 1A-1, Rule 60(b)(1) also authorizes relief from a "final judgment, order or proceeding" for mistake, inadvertence, surprise or excusable neglect. Our disagreement with the Court of Appeals is in the type of notice that is required when a report of commissioners is filed.

G.S. § 1A-1, Rule 5(a) provides:

*Service—when required.*—Every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard *ex parte*, and every written notice, appearance, demand, offer of judgment and similar paper shall be served upon each of the parties, but no service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

[2] We agree with the Court of Appeals that a report of commissioners is a "similar paper" within the contemplation of Rule 5(a) and must be "served" upon each of the interested parties. The question then arises, was there sufficient service in the case at hand?

Rule 5(b) provides in pertinent part:

*Service—how made.*—. . . With respect to all pleadings subsequent to the original complaint and other papers required or permitted to be served, service with due return may be made in the manner provided for service and return of process in Rule 4 and may be made upon either the party

or, unless service upon the party himself is ordered by the court, upon his attorney of record. With respect to such other pleadings and papers, service upon the attorney or upon a party may also be made by delivering a copy to him or *by mailing it to him at his last known address* or, if no address is known, by filing it with the clerk of court. Delivery of a copy within this rule means handing it to the attorney or to the party; or leaving it at the attorney's office with a partner or employee. *Service by mail shall be complete upon deposit of the pleading or paper enclosed in a post-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service.* (Emphasis added.)

[3] It is our opinion, and we so hold, that sufficient notice of the filing of a report of commissioners is given to a party to a partition proceeding when a copy of the report is duly mailed as provided by G.S. § 1A-1, Rule 5(b). The question then arises, does the record in this case establish that there was sufficient compliance with Rule 5(b)?

In his order filed 9 January 1979 the clerk found as a fact that on 8 September 1978 (the same day the report was filed), a copy of the report was mailed by him to respondents at the same address at which they admitted receiving a copy of the decree of confirmation which was mailed to them approximately two weeks later. It would have been better if the clerk had tracked the statute and found that the copy was mailed to respondents at "their last known address", and that he deposited the copy of the report "enclosed in a post-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service." However, under the circumstances of this case, we think substantial compliance with the statute is implied from the finding which the clerk made.[2]

---

2. While the point is not pertinent to a decision in this case, we feel impelled to note that respondents failed to give this litigation such attention "as a man of ordinary prudence usually bestows upon his important business." *See Sutherland v. McLean*, 199 N.C. 345, 154 S.E. 662 (1930). The record indicates that respondents are educated people; and that although the initial process was served on them on 23 September 1977, they made no contact with the court before 10 November 1978 when they filed their petition asking that the decree of confirmation be set aside. It appears that respondents resided in another county, some 125 miles from Franklin

For the reasons stated, the decision of the Court of Appeals reversing the judgment of the superior court is

Reversed.

County. Even so, an occasional telephone call to the office of the Clerk of the Superior Court of Franklin County no doubt would have resulted in their being informed as to the status of their case.